**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH DEWAYNE DOUGLAS,

    Petitioner-Appellant,

v.

H.N. "SONNY' SCOTT,

    Respondent-Appellee.

No. 99-5062

(D.C. No. 98-CV-86-K)
(N.D.Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Kenneth DeWayne Scott, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because we conclude Scott has

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

## I.

Scott was convicted in October 1987 in the District Court of Tulsa County, Oklahoma, on one count of second degree burglary, one count of assault with a dangerous weapon, and one count of escape from lawful custody, and was sentenced to separate terms of imprisonment of twenty-five, forty, and twenty-five years. Scott filed a direct appeal and, on July 10, 1990, the Oklahoma Court of Criminal Appeals affirmed his convictions, but modified his sentences to twenty, thirty, and twenty years (it is unclear from the record whether the sentences are concurrent or consecutive). Scott apparently did not seek certiorari review from the United States Supreme Court.

On March 11, 1997, Scott filed an application for post-conviction relief with the state trial court, which was denied on March 31, 1997. Scott appealed and, on May 20, 1997, the Oklahoma Court of Criminal Appeals affirmed the trial court's denial of post-conviction relief. Approximately eight months later, on January 30, 1998, Scott filed his federal petition for writ of habeas corpus with the district court. The district court dismissed Scott's petition on statute of limitations grounds and denied his request for a certificate of appealability.

On April 24, 1996, Congress amended what had been "the long-standing prior practice in habeas corpus litigation that gave a [state] prisoner virtually unlimited amounts of time to file a habeas petition in federal court," and "established a one-year period of limitations for [federal] habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1224 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). By statute, the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to April 24, 1996, however, the new "one-year statute of limitations does not begin to run until April 24, 1996." Hoggro, 150 F.3d at 1225; United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997).

The one-year period of limitations can be tolled by ongoing post-conviction litigation in state court. See Hoggro, 150 F.3d at 1226. In particular, 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year period of limitation. We have also indicated the one-year period of limitations "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert.

denied, 119 S.Ct. 210 (1998).

Here, Scott's federal habeas petition was filed on January 30, 1998, approximately twenty-one months after his one-year statute of limitations began running on April 24, 1996. Seeking to salvage his petition, Scott effectively relies on both of the above-outlined tolling principles. Not only does Scott ask us to toll the time during which his state post-conviction proceedings were pending (i.e., from March 11, 1997, to May 20, 1997), he also asks us to toll additional time on the basis of "'extraordinary circumstances' beyond his control which made it impossible to file his habeas [petition] prior to the [expiration of] the statutory period of limitation[s]." ROA, Doc. 11, at 5.

Although we are bound by statute to toll the time during which Scott's state post-conviction proceedings were pending, we refuse to equitably toll any additional time. In Miller, we indicated that equitable tolling principles apply only where a prisoner has diligently pursued his federal habeas claims. 141 F.3d at 978; see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA's one-year limitation period will be equitably tolled only "in rare and exceptional circumstances"), cert. denied, 119 S.Ct. 1474 (1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights). Scott's claim of

-4-

"extraordinary circumstances" notwithstanding, the record on appeal fails to demonstrate he diligently pursued his federal habeas claims. Most notably, the record fails to justify the long delay from May 20, 1997 (the date the Oklahoma Court of Criminal Appeals affirmed the denial of Scott's post-conviction application), to January 30, 1998 (the date Scott filed his federal habeas petition). We therefore refuse to apply equitable tolling principles under these circumstances, Miller, 141 F.3d at 978, and conclude Scott's federal habeas petition was filed out of time.

The application for certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

<div style="margin-left:50%">

Entered for the Court

Mary Beck Briscoe
Circuit Judge

</div>