

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-1998

# Miller v. NJ Dept Corr

Precedential or Non-Precedential:

Docket 97-5611

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Miller v. NJ Dept Corr" (1998). *1998 Decisions*. Paper 120.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 26, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 97-5611

FRANK T. MILLER,
        Appellant

v.

NEW JERSEY STATE DEPARTMENT OF CORRECTIONS;
DONALD E. LEWIS, WARDEN/ADMINISTRATOR;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 97-cv-2844)

Submitted by the Clerk for a certificate of
appealability pursuant to 28 U.S.C. S 2253
Jan. 8, 1998

Before: BECKER,* NYGAARD, and ROTH,
Circuit Judges.
(MOTIONS PANEL A)

(Filed: May 26, 1998)

_____

*Honorable Edward R. Becker, United States Circuit Judge for the
Third Circuit, assumed Chief Judge status on February 1, 1998.

          FRANK T. MILLER #58406
          Riverfront State Prison
          P.O. Box 9104
          Camden, NJ 08101

           Pro se

OPINION OF THE COURT

BECKER, Chief Circuit Judge.

This appeal of the district court's denial of Miller's motion
for an extension of time to file a petition for a writ of habeas
corpus, submitted as an application for a certificate of
appealability, 28 U.S.C. S 2253(c)(1), presents the question
whether the period of limitation set forth in 28 U.S.C.
S 2244(d)(1) is subject to equitable tolling. We conclude that
it is, and thus we will grant the certificate of appealability,
vacate the order of the district court dismissing Miller's
motion, and remand for further consideration.

I.

In 1994, the New Jersey Department of Corrections found
inmate Frank Miller guilty of conspiring to introduce
narcotics into prison. Miller appealed the administrative
decision through the state courts. The New Jersey Superior
Court, Appellate Division, affirmed the Department of
Corrections, and the New Jersey Supreme Court denied
Miller's petition for certification. Miller then moved in the
district court for an extension of time to file a habeas
petition. The district court denied the motion, finding that
it was filed more than one year after the one year limitation
period of S 2244(d)(1) became effective under the
Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), and thus was untimely. Miller filed a timely
appeal which we construe as a request for a certificate of
appealability pursuant to S 2253(c)(1).

II.

Section 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing a n application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Miller's conviction became final in June, 1995, when the New Jersey Supreme Court denied his petition for certification. Because this was prior to April 24, 1996, the effective date of AEDPA, Miller had until April 23, 1997 to file his S 2254 petition. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Accordingly, the district court properly found that Miller's motion for an extension of time to file a S 2254 petition, filed on June 4, 1997, was not filed within the requisite time period.

Miller argues, however, that this time period should be equitably tolled. He claims that he was delayed infiling his petition because he was in transit between various institutions and did not have access to his legal documents until April 2, 1997, and because he did not learn of the new limitation period until April 10, 1997. The Ninth Circuit, the only court of appeals to address the issue, held that S 2244(d)(1) is a statute of limitations subject to equitable tolling. See Calderon v. United States Dist. Court, 128 F.3d 1283, 1289 (9th Cir. 1997), cert. denied, 118 S.Ct. 899

3

(1998). Judge Kozinski's strong opinion in Calderon has been adopted by Parker v. Bowersox, 975 F. Supp. 1251, 1252 (W.D. Mo. 1997) and United States v. Gould, No. 97-3090, 1997 WL 535821 (E.D. Pa. July 29, 1997). For the following reasons, we agree with Calderon.

III.

Time limitations analogous to a statue of limitations are subject to equitable modifications such as tolling, see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994), which "stops the running of the statute of limitations in light of established equitable considerations," New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir. 1997). On the other hand, when a time limitation is considered jurisdictional, it cannot be modified and non-compliance is an absolute bar. See Oshiver, 38 F.3d at 1387. In determining whether a specific time limitation should be viewed as a statute of limitations or a jurisdictional bar, we look to congressional intent by considering the language of the statute, legislative history, and statutory purpose. See Shendock v. Director, Office of Workers' Compensation Programs, 893 F.2d 1458, 1462-64 (3d Cir. 1990) (in banc).

As the Ninth Circuit recognized, the language of AEDPA clearly indicates that the one year period is a statute of limitations and not a jurisdictional bar. See Calderon, 128 F.3d at 1288. First, S 2244(d)(1) refers to the one year as a "period of limitation" and a "limitation period", and does not use the term "jurisdiction". See Shendock, 893 F.2d at 1462 (giving "considerable weight" to Congress' use of term "jurisdiction" in filing provision). Moreover, the statute affirmatively separates the time limitation provision from the section that deals with jurisdiction. Section 2244(d)(1), the limitation provision, only speaks in terms of a one year filing period and does not purport to limit the jurisdiction of the district courts in any way. Similarly, S 2241, the provision in which Congress explictly grants jurisdiction to the district courts, does not reference the timelyfiling requirement. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-94 (1982) (considering the absence of any reference to jurisdiction in Title VII filing requirement

4

provision and the absence of any reference to timelyfiling in jurisdiction provision).

Furthermore, S 2244(d)(1) contains "its own version of a `discovery rule' in paragraph [D], and a provision similar to the common law rule of fraudulent concealment in paragraph [B], suggest[ing] that the drafters envisioned the provision to function as a typical statute of limitations, rather than a jurisdictional limitation." Gould, 1997 WL 535821, at *3.

The legislative history reinforces this conclusion. The congressional conference report does not refer to jurisdiction, see H.R. Conf. Rep. No. 104-518, at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, and statements by various members of Congress refer to the period as a statute of limitations, see, e.g., 142 Cong. Rec. S3472 (daily ed. Apr. 17, 1996) (statement of Sen. Specter) ("I introduced legislation . . . to impose a statute of limitations on the filing of habeas corpus petitions"); 142 Cong. Rec. H3606 (daily ed. Apr. 18, 1996) (statement of Rep. Hyde) ("Now, we have a 1-year statute of limitations in habeas."); 141 Cong. Rec. S7597 (daily ed. May 26, 1995) (statement of Sen. Hatch) (the bill will "have 1-year statute of limitations").

Such an interpretation is also consistent with the statutory purpose of AEDPA. The statute was enacted, in relevant part, to curb the abuse of the writ of habeas corpus. H.R. Conf. Rep. No. 104-518, at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944. ConstruingS 2244(d)(1) as a statute of limitation clearly serves this purpose. It provides a one year limitation period that will considerably speed up the habeas process while retaining judicial discretion to equitably toll in extraordinary circumstances. We add that this interpretation is also consistent with the construction we gave to S 2244(d)(1) in Burns, 134 F.3d at 111-13 (holding that (1) S 2244(d)(1) does n ot bar petitions filed within a year of AEDPA's effective date, and (2) pro se prisoner's habeas petition is deemed filed upon delivery to prison officials for mailing).

5

IV.

In view of our conclusion that Congress intended the one year period of limitation to function as a statute of limitation, and thus be subject to equitable tolling, we will grant the certificate of appealability, vacate the order of the district court dismissing Miller's motion, and remand for consideration of the equitable tolling issue. For the guidance of the district court, we observe that equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way . . . been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458 (1990); New Castle County, 111 F.3d at 1126.1

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

_____

1. The advent of AEDPA has given rise to a considerable number of technical legal questions dealing with limitations, of which this case presents but one example. In order to provide guidance to the district courts, and hence facilitate the orderly administration of justice in these
cases, we have followed the practice, whenever we decide an AEDPA issue that arises under S 2254 and the same holding would analytically be required in a case arising under S 2255, or vice versa, of so informing the district courts. See Burns, 134 F.3d at 112 (holding that resolution of issue arising under S 2254 also applies toS 2255 cases); Santana v. United States, 98 F.3d 752, 756 (3d Cir. 1996) (holding that resolution of issue arising under S 2255 also applies toS 2254 cases). We do likewise here, and rule that the one year period of limitation for S 2255 cases is also subject to equitable tolling.

6