Maynard v. Cunningham                    CV-97-438-JD   06/24/98
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Richard Maynard

        v.                              Civil No. 97-438-JD

Michael Cunningham, Warden,
N.H. State Prison


                           O R D E R


    On September 2, 1997, the petitioner, Richard Maynard,
brought this petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254 against the respondent, Michael Cunningham, the
Warden of the New Hampshire State Prison.  Before the court is
the respondent's motion to dismiss the petition (document no.
14).


                        Background[1]

    On May 24, 1991, the petitioner was sentenced to two to four
years in the New Hampshire State Prison ("NHSP") on a conviction
in the Superior Court of Carroll County for issuing bad checks
(the "Carroll County conviction").[2]  On May 28, 1991, the
petitioner was convicted in the Superior Court of Merrimack

_____

    [1]The facts relevant to the instant motion are undisputed.

    [2]He also received a suspended sentence on another conviction
for the same crime.

County for operating a vehicle after having been deemed an habitual offender (the "Merrimack County conviction"). On November 27, 1991, the court sentenced him to two to four years in the NHSP, consecutive to the sentences for the Carroll County conviction. The petitioner remained out of the NHSP on bail pending appeal of each of his convictions.

The New Hampshire Supreme Court upheld the Merrimack County conviction on January 14, 1993. On February 22, 1993, the Merrimack County Superior Court held a show cause hearing for the imposition of sentence. The petitioner failed to appear and the court issued a mittimus for his sentence. On August 19, 1993, the New Hampshire Supreme Court upheld the Carroll County conviction.

The petitioner began serving his sentence of incarceration on the Carroll County conviction on January 14, 1994. He was incarcerated until January 29, 1996, when he was released on parole. The release was due to an error by the state. Instead of being released on parole, the petitioner should have remained incarcerated and begun serving his sentence on the Merrimack County conviction.

On March 17, 1997, while still on parole, the petitioner was arrested again for driving after having been deemed an habitual offender. Because this violated his parole, he was incarcerated

2

after his arrest.  At some point, two additional events occurred: the petitioner moved for a new trial on the Carroll County conviction based on ineffective assistance of counsel and the previous error of his release on parole was discovered.  The petitioner was paroled again on April 4, 1997, this time to begin serving his Merrimack County sentence.

On June 4, 1997, the Carroll County Superior Court granted the petitioner's motion for a new trial on the Carroll County conviction and the state entered a nolle prosequi of the indictment.  The petitioner then moved for the following relief: (1) to have the time served on the Carroll County sentence credited to his Merrimack County sentence; (2) to have the time during which he was erroneously released on parole credited to the Merrimack County sentence; and (3) to have the remainder of Merrimack County sentence suspended.  On July 30, 1997, the Merrimack County Superior Court granted the motion in part and credited the petitioner's Merrimack County sentence with the time he was incarcerated under the Carroll County sentence.  However, the court declined to credit the defendant for time spent on parole and declined to suspend the remainder of the Merrimack County sentence.  The court ruled that, because the Carroll County conviction was a nullity, the petitioner actually began serving his sentence on the Merrimack County conviction on

3

January 14, 1994.  In denying the motion for credit for time the petitioner was erroneously released on parole, the court found that the petitioner knew he had been released on parole by mistake and failed to bring the matter to the attention of authorities.

On September 2, 1997, the petitioner filed this petition for a writ of habeas corpus, challenging the validity of the Merrimack County conviction.  The grounds raised by the petition include claims of ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of the evidence to support the petitioner's conviction.  The respondent moved to have the petition dismissed because he contends that the statute of limitations had expired prior to the filing of the action.

## Discussion

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1217 (1996), on April 24, 1996, significantly altered the prior framework governing habeas corpus petitions.  The AEDPA amendments apply to this petition filed on September 2, 1997.  28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

4

The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C.A. § 2244(d) (West Supp. 1998).

According to New Hampshire law, "parole"

> means a conditional release from the state prison which allows a prisoner to serve the remainder of his term outside the prison, contingent upon compliance with the terms and conditions of parole as established by the parole board.

N.H. Rev. Stat. Ann. ("RSA") § 651-A:2(II) (1996). A "prisoner" is "any adult person who has been committed to the custody of the commissioner of corrections." Id. § 651-A:2(I). Therefore, a prisoner on parole is still considered, for purposes of state law, to be in custody. See id. § 651-A:2(I)-(II).

The petitioner asserts that, because he was not incarcerated on the Merrimack County conviction until June 4, 1997, the one-year statute of limitations did not begin running until that time and his petition, filed on September 2, 1997, was timely.[3] The

---

[3]Although the petitioner asserts that custody on the Merrimack County conviction began on June 4, 1997, the date that the Carroll County indictment was nol prossed, that assertion appears to be based on a factual misapprehension in light of his parole to serve the Merrimack County sentence on April 4, 1997. However, the difference between the two dates is insignificant because the petitioner's September 2, 1997, filing is within a year of either date.

5

respondent urges that the petitioner's conviction became final when the New Hampshire Supreme Court denied his appeal on January 14, 1993. Thus, when AEDPA implemented the one-year statute of limitations with its passage on April 24, 1996, the one-year period began to run from that date. See, e.g., Calderon v. United States Dist. Court, 128 F.3d 1283, 1287 (9th Cir. 1997) (granting habeas petitioners convicted prior to AEDPA one year to file from AEDPA's effective date), cert. denied, 118 S. Ct. 899 (1998). The respondent contends that the petitioner's failure to file his petition by April 24, 1997, means that it was untimely.

The petitioner points to, and the court is aware of, no authority for the proposition that § 2244(d)'s one-year statute of limitations is in any way tied to being in custody for the conviction which the petitioner seeks to challenge. The text of the statute provides or implies no such limitation. See 28 U.S.C.A. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Under New Hampshire law, because the petitioner was still in custody during his erroneous release on parole from January 29, 1996, to his arrest on March 17, 1997, the petitioner has been in continuous

custody from January 14, 1994, through the present.[4]

The petitioner decided not to challenge the validity of the Merrimack County conviction during his erroneous release on parole. This is understandable given the fact that he was aware of the error and knew that he should instead be incarcerated, serving the Merrimack County sentence. However, his decision to remain silent provides no legal basis for the court, at this point in time, to entertain now a petition for a writ of habeas corpus that under § 2244(d) should have been filed within one year of AEDPA's effective date, during which time the petitioner was in custody. Although at least two circuits have held that § 2244(d)'s one-year statute of limitations is subject to equitable tolling, see Miller v. New Jersey State Dep't of Corrections, ___ F.3d ___, No. 97-5611, 1998 WL 270110, at *1 (3d Cir. May 26, 1998); Calderon, 128 F.3d at 1289, equitable tolling would be inappropriate in this case if it were an available remedy. The petitioner knew that his release on parole was erroneous and failed to act. This is not a case where the "principles of equity would make [the] rigid application [of a

---

[4]Furthermore, the effect of the petitioner's motion that time served on the Carroll County conviction be applied to his sentence on the Merrimack County conviction was to make his sentence on the Merrimack County conviction begin to run on January 14, 1994, as he requested in his motion.

limitation period] unfair," Miller, 1998 WL 270110, at *3 (citation omitted, alteration in original). See Texaco Puerto Rico, Inc. v. Department of Consumer Affairs, 60 F.3d 867, 880 (1st Cir. 1995) ("It is old hat that a court called upon to do equity should always consider whether the petitioning party has acted in bad faith or with unclean hands.").

Section 2244(d) provides that "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" is subject to a one-year statute of limitations. See 28 U.S.C.A. § 2244(d)(1). By the terms of the statute, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review." See id. § 2244(d)(1)(A). The petitioner's conviction had been final since January 14, 1993, and he was in custody when AEDPA was passed on April 24, 1996. The petitioner is entitled to no tolling for time that he was erroneously out of the NHSP on parole. See RSA § 651-A:2(I)-(II). His petition therefore had to be filed no later than April 24, 1997, and his failure to do so means that the petition was untimely. The petitioner has not urged, and the court does not find, that the application of the statute of limitations in this case amounts to a suspension of the writ of habeas corpus. Cf. Felker v. Turpin, 518 U.S. 651, 663-64 (1996) (AEDPA's limitations on second or successive

petitions not a suspension of the writ).  Accordingly, the petition for a writ of habeas corpus is dismissed.[5]

## Conclusion

The respondent's motion to dismiss the petition for a writ of habeas corpus (document no. 14) is granted.  The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 24, 1998

cc:  W. Michael Dunn, Esquire
     Janice K. Rundles, Esquire

---

[5]Because of the court's conclusion that the petitioner's request was untimely, it need not consider the respondent's argument that the petitioner failed to exhaust his administrative remedies.