F I L E D
United States Court of Appeals
Tenth Circuit

JAN 28 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FERNANDO HERNANDEZ, also
known as Fernie Hernandez,

Petitioner-Appellant,

v.

TIM LEMASTER; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

Respondents-Appellees.

No. 98-2042
(D.C. No. CIV-97-1087)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the

case is ordered submitted without oral argument.

Petitioner Fernando Hernandez, a state prisoner appearing pro se, appeals

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's dismissal of his 28 U.S.C. § 2254 habeas petition on statute of limitations grounds. We affirm.

Hernandez pleaded guilty to several state crimes in 1995 and was sentenced to twenty-five years' imprisonment. He did not file a direct appeal. On April 17, 1997, he attempted to file a habeas petition in state court, but his petition was not properly filed until June 6, 1997. The petition was denied on July 11, 1997, and certiorari was denied by the state supreme court on July 23, 1997. Hernandez allegedly "applied immediately with [prison authorities] for a copy of [his] inmate account ledger [which] is required to file an application for habeas corpus in Federal Court." Hernandez' Memorandum Br. at 3. He allegedly "received this (IFC) inmate financial certificate on August 7, 1997." Id. He filed his federal habeas petition on August 8, 1997, accompanied by his request to proceed in forma pauperis and his inmate financial certificate. The district court adopted the magistrate's recommendation and dismissed the petition. The district court issued a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the "long-standing prior practice in habeas corpus litigation that gave a prisoner virtually unlimited amounts of time to file a habeas petition in federal court." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). The AEDPA established a one-year time limitation for filing petitions and mandated that the

-2-

period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). To avoid potential injustices, we have held that for prisoners "whose convictions became final before April 24, 1996, the one-year statute of limitation does not begin to run until April 24, 1996." Hoggro, 150 F.3d at 1225. The AEDPA identifies a number of circumstances requiring a tolling of the limitations period. See 28 U.S.C. § 2244(d)(1) & (2). In particular, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year time limit. § 2244(d)(2). We have also indicated the one-year period of limitations "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998).

Hernandez asks us to toll not only the time during which his state post-conviction proceedings were pending (June 6 to July 23, 1997), but also (1) the time from April 17 until June 6, 1997, while he was communicating with the state court regarding proper filing of his post-conviction application, (2) the time from July 23 to July 28, 1997, while he was allegedly waiting to receive a copy of the state supreme court's denial of certiorari, and (3) the time from July 28 to August 7, 1997, while he was allegedly waiting for prison officials to complete his inmate

financial certificate.

Although we are bound by statute to toll the time during which his state post-conviction proceedings were pending, we refuse to equitably toll any other time. In Miller, we indicate equitable tolling principles apply only where a prisoner has diligently pursued federal habeas claims. 141 F.3d at 978. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (one-year limitation period of AEDPA will be equitable tolled only "in rare and exceptional circumstances"); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued claims but has in some "extraordinary way" been prevented from asserting rights). Here, there is no indication in the record that Hernandez took any steps to pursue his federal claims between April 24, 1996, and April 17, 1997. Hernandez' one-year period of limitation expired on April 23, 1997, prior to his filing of an application for post-conviction relief in state court.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-