**BRADFORD HOSPITAL d/b/a Bradford Regional Medical Center, Plaintiff,**

v.

**Donna E. SHALALA, Secretary, United States Department of Health and Human Services, Defendant.**

**No. CIV.A. 99–171 Erie.**

United States District Court, W.D. Pennsylvania.

Jan. 23, 2001.

M. Theresa Creagh, Terrence J. O'Rourke, Steven P. Nash, Nash & Company, Pittsburgh, PA, for Plaintiff.

Jessica Lieber Smolar, United States Attorney's Office, Pittsburgh, PA, Erinn Weeks, Department of Health and Human Services, Office of General Counsel, Washington, DC, for Defendant.

## MEMORANDUM OPINION

McLAUGHLIN, District Judge.

On June 5, 2000, this Court entered an Opinion and Order ("the Opinion") on cross-motions for summary judgment granting Plaintiff Bradford Hospital's motion and denying Defendant Shalala's motion. *Bradford Hospital v. Shalala,* 108 F.Supp.2d. 473 (W.D.Pa.2000). Presently before the Court is Defendant's Motion to

Amend Judgment, timely filed pursuant to Fed.R.Civ.P. 59(e). For the reasons that follow, Defendant's motion is denied.

## I. STANDARD OF REVIEW

A motion to alter or amend judgment must be filed no later than 10 days after entry of judgment. Fed.R.Civ.P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Proper motions for reconsideration rest on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995). A motion for reconsideration may not be used to present new legal theories or arguments that could have been made in support of the first motion. *McNeal v. Maritank Philadelphia, Inc.,* No. Civ. A. 97–0890, 1999 WL 80268 (E.D.Pa. Jan. 29, 1999). The motion before us rests on the first ground. Defendant asserts that *Becton Dickinson & Co. v. Wolckenhauer,* 215 F.3d 340 (3d Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 761, 148 L.Ed.2d 663 (2001) (No. 00–530), decided the day after our opinion was entered, constitutes "intervening and controlling law that is both instructive and favorable to the Secretary's position." Defendant's Motion to Amend Judgment and Memorandum in Support Thereof at 1.

## II. DISCUSSION

### A. Becton Dickinson

In *Becton Dickinson,* an employer brought a wrongful levy action against the IRS following the levy of pension funds belonging to Wolckenhauer, its employee, who had defrauded the employer and committed tax violations. *Becton Dickinson,* 215 F.3d 340, 340–343 (3d Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 761, 148 L.Ed.2d 663 (2001) (No. 00–530). The employer argued that an order of restitution issued by a district court in Wolckenhauer's criminal case gave its claim priority over the federal tax lien, and that the nine month time limitation applicable to wrongful levy actions should be equitably tolled because the restitution order was not made until after this period had expired. *Id.* at 342–343. The district court granted summary judgment in favor of the IRS, holding that the 26 U.S.C. § 6532(c) ("section 6532(c)") time limitation could be equitably tolled, but that the facts of the case did not give rise to an instance in which the period should be equitably tolled. *Id.* at 343 n. 7. The Third Circuit remanded the case, holding that the time limitation is a jurisdictional bar that cannot be equitably tolled. *Id.* at 354. The Court stated that to determine whether a limitations period is a statute of limitations subject to equitable tolling or a jurisdictional bar, it looks to "congressional intent by considering the language of the statute, legislative history, and statutory purpose." *Id.* at 345 (quoting *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir.1998)). Finding that the Supreme Court had provided considerable guidance on this issue in *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), in which the Court held that a Title VII provision was subject to equitable tolling, and *United States v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), in which the Court held that a tax provision was not subject to equitable tolling, the Third Circuit outlined three reasons for its conclu-

sion that the limitation was more similar to the *Brockamp* provision than to the *Irwin* provision.

### B. Application of Becton Dickinson to Our Case

■ For several reasons, we have considerable doubt as to whether *Becton Dickinson* controls our case. Firstly and most importantly, the context in which we applied the doctrine and the practical result in this case are significantly different from the contexts and potential results in *Becton Dickinson* and *Brockamp*. We applied the doctrine pursuant to a request to set aside arbitrary and capricious action under 42 U.S.C. § 1395oo(f), which incorporates by reference the Administrative Procedures Act standard of review. Practically, the result of our application is that Defendant's refusal to consider Plaintiff's redetermination request is set aside. In our Opinion, we determined that Defendant's interpretation of the Medicare regulations such that hospitals were required to submit redetermination requests within the period prescribed by 42 C.F.R. § 412.328(f)(1)(iii) even when they had not received an initial determination from an intermediary as prescribed by 42 C.F.R. 412.302(c)(1)(vii)(B) was arbitrary and capricious, and consequently that Defendant's refusal to consider Plaintiff's redetermination request was arbitrary and capricious. *See Bradford Hospital,* 108 F.Supp.2d at 486. Unlike *Becton Dickinson* and *Brockamp,* the application of equitable tolling in our case does not expand the government's ability to be sued. Thus, although we effectively "tolled" a limitations period, we in fact did nothing more than set aside Defendant's arbitrary and capricious action pursuant to an independently existing statutory basis timely asserted by Plaintiff.

Secondly, unlike the statutory provisions at issue in *Becton Dickinson, Brockamp* and *Irwin,* 42 C.F.R. § 412.328(f)(1)(iii) does not establish a limitations period for bringing suits against the government and therefore, applying equitable tolling to the provision does not implicate sovereign immunity. The Supreme Court in *Irwin* and the Third Circuit in *Becton Dickinson* relied in arguably large part on the extent to which applying equitable tolling to the government would broaden a congressional waiver of sovereign immunity. Because sovereign immunity is not implicated in this case, the rationale of these cases has questionable, if any, application.

■■ Finally, applying *Becton Dickinson* to this case is troublesome because the provision at issue in our case is a regulation and not a statute. The *Becton Dickinson* framework is a mechanism for ascertaining congressional intent, and it is not clear to us that Defendant's intent is an equivalently decisive factor in this instance. *See Becton Dickinson,* 215 F.3d at 345. Although great deference is generally afforded to an agency's interpretation of its own regulations, in construing an ambiguous regulation, we examine whether an agency's interpretation is compatible with the intent of Congress. *See Sekula v. Federal Deposit Ins. Co.,* 39 F.3d 448, 453 (3d Cir.1994). Because Defendant promulgates regulations within the confines of a congressionally established scheme that affords judicial review of her actions, we find that her intent as to whether equitable tolling applies to 42 C.F.R. § 412.328(f)(1)(iii) should be considered in conjunction with Congress' intent.

Notwithstanding these reservations, both parties have briefed and argued the issue as if *Becton Dickinson* controls and as if Defendant's intent is analogous to congressional intent. We find that even assuming the parties are correct, our Opinion remains valid. We consider each of the *Becton Dickinson* factors under the parties' assumptions in turn.

### 1. Suits Brought Only Against the Government

In *Becton Dickinson*, the Third Circuit first determined that section 6532(c) was not subject to *Irwin's* rebuttable presumption of equitable tolling because the provision only applied to suits brought against the government. *Becton Dickinson*, 215 F.3d at 348–349. The Court found that, compared to the provision at issue in *Irwin*, which applied equally to suits brought against the government and suits brought against private parties, applying equitable tolling to section 6532(c) would amount to a far greater broadening of the sovereign immunity waiver. *Id.* at 349. For this reason, the Court held that *Irwin's* rebuttable presumption, " 'making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits,' " had no meaning in the context of a statute applicable only to the government. *Id.* (quoting *Irwin v. Dep't. of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)).

Defendant argues that because Medicare providers can only seek relief for incorrect capital determinations from the Secretary of Health and Human Services, *Irwin's* rebuttable presumption should not apply to our case in light of *Becton Dickinson*.[1] Defendant's Motion to Amend Judgment and Memorandum in Support Thereof at 6. We agree with Defendant that *Becton Dickinson* held that *Irwin's* presumption only operates when a limitations period applies to suits equally capable of being brought against private and governmental parties, and therefore do not rely on *Irwin's* presumption in this case. Our very different situation, in which equitable tolling is applied as a remedy and does not affect the established period in which a complainant may commence a suit against the government, simply did not arise in either *Becton Dickinson* or *Irwin*. Defendant correctly points out that a number of the cases we relied on for the proposition that numerous courts have applied equitable tolling to regulatory filing deadlines relied on *Irwin's* presumption when a suit was only available against the government. *See* Defendant's Motion to Amend Judgment and Memorandum in Support Thereof at 17–18. We point out that these cases applied equitable tolling in a manner that expanded the government's ability to be sued and therefore are more analogous to *Irwin* and *Becton Dickinson* than to our case, and also that numerous other cases we relied on for the proposition did not rely on *Irwin*. *See Bradford Hospital*, 108 F.Supp.2d at 484 (citing cases).

More importantly, however, we find that because applying equitable tolling to 42 C.F.R. § 412.328(f)(1)(iii) does not broaden a waiver of sovereign immunity, the rationale underlying *Irwin's* utilization of the rebuttable presumption and *Becton Dickinson's* rejection of it has no force or meaning in our case. *Becton Dickinson*, 215 F.3d at 349 ("In comparing the time limitation at issue in Irwin with the time

---

1. At oral argument, Defendant suggested a much broader reading of Becton Dickinson. Defendant argued that rather than eliminating Irwin's presumption in instances where there is no private analog to suits authorized against the government, Becton Dickinson held that equitable tolling may never apply to a provision only authorizing suits against the government. We do not read Becton Dickinson so broadly. Further, we find that even if Defendant is correct, application of this broad reading to our case is problematic for two reasons: (1) in our case, equitable tolling is not applied to a provision authorizing suits against anyone, governmental or otherwise; and (2) it renders the sovereign immunity concern, which is not implicated in our case, the sole determining factor in whether a provision can be equitably tolled. We therefore find that, even if Defendant's broad reading of Becton Dickinson is correct, our Opinion remains valid.

limitation at issue in this case, it is clear that were we to apply the rule of equitable tolling to suits against the government brought under section 7426(a)(1), it would amount to a substantial broadening of the congressional waiver."). Whether a presumption of equitable tolling should apply to regulations such as 42 C.F.R. § 412.328(f)(1)(iii) has yet to be addressed. Thus, we find that the first *Becton Dickinson* factor is essentially a non-factor as applied to our case.

### 2. The Structure of 42 C.F.R. § 412.328(f)(1)(iii)

The Third Circuit also found that section 6532(c) was more like the provision at issue in *Brockamp* than the one at issue in *Irwin* because it set forth its limitation in unusually emphatic form and provided explicit exceptions that did not include equitable tolling. *Becton Dickinson*, 215 F.3d at 349–350. Defendant argues that the medicare regulation at issue sets forth its limitation in unusually emphatic form because it uses the term "must" rather than "may" and is part of a "carefully reticulated scheme." Defendant's Motion to Amend Judgment and Memorandum in Support Thereof at 7. We disagree.

The structure of 42 C.F.R. § 412.328(f)(1)(iii) is significantly different from the provisions at issue in *Brockamp* and *Becton Dickinson* because, as discussed in our Opinion, it is part of a back-and-forth communication process between hospitals and intermediaries. Prior to requesting a redetermination, a hospital is to receive an initial determination from an intermediary within a specific period of time. *See* 42 C.F.R. § 412.302(c)(1)(vii)(B); *Bradford Hospital*, 108 F.Supp.2d at 477. An interpretation that the hospitals' obligation is inflexible would render the intermediaries' obligation superfluous, and would lead to the absurd situation in which hospitals would be required to request redeterminations without

ever having received initial determinations. The back-and-forth structure of the regulations does not support such an interpretation.

Additionally, the medicare provision at issue is not so detailed and complex that it cannot be read as containing an implicit exception for equitable tolling. *See Brockamp*, 519 U.S. at 351, 117 S.Ct. 849. We are unpersuaded by Defendant's argument that equitable tolling should not apply to the provision because the medicare regulations as a whole are technical and complex. While we do not dispute the complexity of the regulatory scheme, 42 C.F.R. § 412.302(f)(1)(iii) simply requires that a redetermination request be filed within a certain time period. That this request is to follow an initial determination also required to be made within a certain time period strikes us as a simple structure permitting equitable tolling in the event that the intermediary fails to render its initial determination within the time prescribed, as occurred in this instance.

Finally, 42 C.F.R. § 412.328(f)(1)(iii) does not contain explicit exceptions to its basic time limit as was the case in *Brockamp* and *Becton Dickinson*. Thus, there is no suggestion that the Secretary intended only a small number of exceptions. For these reasons, we find that the structure of 42 C.F.R. § 412.328(f)(1)(iii) is more akin to the permissive structure of the Title VII provision at issue in *Irwin* than to the detailed provisions at issue in *Brockamp* and *Becton Dickinson*.

### 3. The Underlying Subject Matter

In *Becton Dickinson*, the Third Circuit finally held that section 6532(c) was similar to the *Brockamp* provision because the potential for administrative problems was comparable. *Becton Dickinson*, 215 F.3d at 351. The Court stated that while wrongful levy suits constituted a much smaller subset of taxpayer claims than the

overpayment suits at issue in *Brockamp*, they "nevertheless pose serious administrative problems because anyone, not just the taxpayer in question, can bring a wrongful levy suit against he IRS." *Id.* at 350. The Court also noted that applying equitable tolling to section 6532(c) would interfere with the "IRS's need for certainty and finality when imposing a levy on the assets of a delinquent taxpayer." *Id.* at 351.

We find that the administrative burden which would result from applying equitable tolling to 42 C.F.R. § 412.328(f)(1)(iii) is significantly less onerous than the burden that would have resulted from applying equitable tolling to section 6532(c). In contrast to section 6532(c) which permits anyone to pursue a wrongful levy claim against the IRS, 42 C.F.R. § 412.302(f)(1)(iii) applies to less than five thousand hospitals. Defendant's Motion to Amend Judgment and Memorandum in Support Thereof at 9. Additionally, the nature of the burden is significantly different. Rather than expanding the Secretary's capability to be sued, applying equitable tolling to the regulation would only expand the time period in which the Secretary must consider the merits of hospitals' redetermination requests. We find that this burden has a far smaller probability of interfering with the government's functioning than an expanded amenability to suit. Finally, unlike section 6532(c), the extent to which the burden will materialize is largely controllable. So long as intermediaries provide the required initial determinations pursuant to 42 C.F.R. § 412.302(c)(1)(vii)(B), hospitals will be unable to claim that they were prevented from filing their redetermination requests by the inaction of an intermediary. Any need for finality or certainty is controllable for the same reason. Taken together, these differences materially distinguish the underlying subject matter of 42 C.F.R. § 412.328(f)(1)(iii) from that of section 6532(c).

## III. CONCLUSION

For the reasons stated above, we find that *Becton Dickinson* does not constitute an intervening change in controlling law rendering incorrect our decision that 42 C.F.R. § 412.328(f)(1)(iii) is subject to equitable tolling. Initially, we find that whether *Becton Dickinson* controls our case is doubtful. Notwithstanding this reservation, we find that even if the case does control, our Opinion remains valid.

We also find that *Becton Dickinson* does not require us to reevaluate the second equitable tolling issue, whether the facts and circumstances of our case gave rise to an instance in which applying equitable tolling was appropriate. *Becton Dickinson* did not address this issue and we do not find that it affects our analysis on this point.

## ORDER

AND NOW, this —— day of January 2001, for the reasons stated in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Defendant's Motion to Amend Judgment [Doc. No. 20] is DENIED.