

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# Cooper v. Price

Precedential or Non-Precedential:

Docket 98-2134

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Cooper v. Price" (2002). *2002 Decisions.* Paper 97.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/97

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 98-2134
_____


BRUCE A. COOPER,
                                Appellant

v.

JAMES PRICE, WARDEN;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 98-cv-03009
(Honorable James McGirr Kelly)
_____


Argued January 15, 2002

Before:  SCIRICA, GREENBERG and BRIGHT*, Circuit Judges

(Filed: February 5, 2002)




     *The Honorable Myron H. Bright, United States Circuit Judge for the
Eighth Judicial
Circuit, sitting by designation.
ANTHONY N. IANNARELLI, JR., ESQUIRE (ARGUED)
115 West Allendale Avenue
P.O. Box 200
Allendale, New Jersey 07401-0336

     Attorney for Appellant


JOHN W. GOLDSBOROUGH, ESQUIRE (ARGUED)
DONNA G. ZUCKER, ESQUIRE
MICHELE S. DAVIDSON, ESQUIRE
Office of District Attorney

1421 Arch Street, 5th Floor
Philadelphia, Pennsylvania 19102

Attorneys for Appellees

_____

OPINION OF THE COURT
_____

PER CURIAM.

Appellant Bruce Cooper was found guilty by a jury of second degree murder and robbery in 1985 and sentenced to a mandatory term of life imprisonment. His direct appeal was dismissed by the Superior Court for failure to file a brief. In August 1988 he filed a state post-conviction petition and counsel was appointed to represent him. After several evidentiary hearings, the trial court denied the petition and the Superior Court affirmed. The Pennsylvania Supreme Court denied Cooper's petition for allowance of appeal on July 12, 1996.

On June 11, 1998, almost two years later, Cooper filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, in which he raised a juror misconduct claim, a claim that the prosecutor withheld exculpatory evidence, and a claim that counsel rendered ineffective assistance in violation of the Sixth Amendment in failing to present a competent defense and in failing to pursue a direct appeal. The District Attorney of Philadelphia answered the petition and raised the one-year statute of limitations defense under 28 U.S.C. 2244(d)(1). The Magistrate Judge recommended that the petition be dismissed as time-barred, and the District Court agreed, adopting the Magistrate Judge's report as the opinion of the court. The petition was denied by order entered on November 23, 1998 and Cooper appealed.

On June 9, 1999, we granted a certificate of appealability, and ordered the parties to show cause why the order should not be vacated and the matter summarily remanded for consideration of appellant's equitable tolling arguments, as set forth in his reply to the respondent's answer and his objections to the Report and Recommendation, in light of

this Court's decision in Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616 (3d Cir. 1998). Following the submission of responses, we appointed counsel to represent Cooper and the appeal proceeded to briefing.

We will vacate the order of the District Court, and remand the matter for further proceedings in accordance with Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (equitable tolling appropriate where principles of equity would make rigid application of habeas statute of limitations unfair). On remand the District Court should address Cooper's argument that he was not aware of the decision denying his petition for allowance of appeal until September 1997, the copy of a letter from the state supreme court dated September 30, 1997 advising him that his petition had been denied on July 12, 1996, his argument that prison officials searched his cell and removed and destroyed legal materials relating to his criminal case which also delayed the filing of his habeas petition, and the grievance-related and other materials submitted in support of this argument.

The District Court appears to have overlooked these arguments, and we will not consider them, or the extensive rebuttal offered by the appellees (Appellees' Brief, at 17-30), because they involve a mixed question of law and fact and are best addressed by the District Court in the first instance. See Meyers v. Gillis, 93 F.3d 1147, 1152 (3d Cir. 1996). We express no view on the merits of Cooper's arguments.

We will vacate the order of the District Court entered on November 23, 1998, and remand the matter for further proceedings.

TO THE CLERK:

       Please file the foregoing opinion.



                                 Circuit Judge

DATED:

```
                   UNITED STATES COURT OF APPEALS
                       FOR THE THIRD CIRCUIT


                           _____

                           No. 98-2134
                           _____


                        BRUCE A. COOPER,
                                        Appellant

                               v.

                     JAMES PRICE, WARDEN;
          THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
          THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA


               _____

            On Appeal from the United States District Court
                for the Eastern District of Pennsylvania
                   D.C. Civil Action No. 98-cv-03009
                     (Honorable James McGirr Kelly)
                         _____


                    Argued January 15, 2002
          Before:  SCIRICA, GREENBERG and BRIGHT*, Circuit Judges

                             JUDGMENT

          This cause came to be heard on the record from the United States
District
Court for the Eastern District of Pennsylvania and was argued by counsel
on January 15,
2002.


     *The Honorable Myron H. Bright, United States Circuit Judge for the
Eighth Judicial
Circuit, sitting by designation.
          On consideration whereof, it is now hereby ORDERED and ADJUDGED
by this Court that the judgment of the District Court entered November 23,
1998, be, and
the same is hereby vacated and the case remanded for proceedings
consistent with this
opinion.  All of the above in accordance with the opinion of this Court.

                             ATTEST:




                              Clerk
```

DATED: 5 February 2002