**Bernard CAMPBELL, Appellant,**

v.

**KELLY, Badge No. # 3814, Individually and as a Police Officer of the City of Philadelphia; Gilbert, Badge # 9835, Individually and as a Police Officer of the City of Philadelphia; Keilly, Badge # 1784, Individually and as a Police Officer of the City of Philadelphia; Kravitz, Badge # 3497, Individually and as a Police Officer of the City of Philadelphia; Sergeant, (John Doe), 25th District, Individually, and as a Police Officer of the City of Philadelphia; Post Commander, (John Doe), 25th District, Individually and as a Police Officer of the City of Philadelphia; Lynne Abraham, Individually and as Head District Attorney of the City of Philadelphia; Lee Kaplan, Individually and as a District Attorney of the City of Philadelphia.**

No. 03–3170.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) Dec. 18, 2003.

Decided Jan. 6, 2004.

Bernard Campbell, pro se, Philadelphia, PA, for Appellant.

Elise M. Bruhl, City of Philadelphia Law Department, Cari L. Mahler, Office of District Attorney, Philadelphia, PA, for Appellee.

Before SLOVITER, ROTH and AMBRO, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Bernard Campbell, proceeding *pro se,* filed a civil rights action against several Philadelphia police officers, Philadelphia District Attorney Lynne Abraham and Assistant District Attorney Lee Kap-

lan alleging that the police officers used excessive force and arrested him without probable cause, and that they conspired with Abraham and Kaplan to falsely arrest him and initiate a criminal prosecution against him without probable cause. Campbell also asserted various state law claims.

The District Court granted Abraham's and Kaplan's motion to dismiss the claims against them in their official capacities, and the claims against them in their individual capacities based upon the initiation of criminal charges. The District Court later granted motions for summary judgment in favor of the police officers and Abraham and Kaplan on Campbell's remaining civil rights claims, finding them barred by the applicable statute of limitations. The District Court also dismissed Campbell's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Campbell now appeals the District Court's order granting summary judgment for the Appellees.

As recognized by the District Court, a two-year statute of limitations applies to Campbell's civil rights action. *See Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that the statute of limitations applicable to personal injury claims in the state where the alleged constitutional violation occurred applies in a federal civil rights action); 42 Pa. Cons.Stat. Ann. § 5524 (providing for a two-year statute of limitations for personal injury claims in Pennsylvania). The statute of limitations began to run on the date of Campbell's arrest. *See Montgomery v. De Simone,* 159 F.3d 120, 126 (3d Cir.1998) (holding that a civil rights action alleging false arrest was time barred where it was filed more than two years after the date of the arrest).

Campbell was arrested on February 12, 2000. He filed his complaint on August 16,

2002, after the statute of limitations expired. The District Court considered whether the facts warranted equitably tolling the statute of limitations. Campbell asserted that he initially submitted his complaint on June 20, 2001, that it was dismissed without prejudice for failure to pay the filing fee on July 13, 2001, and that he did not receive the order of dismissal. Campbell stated that he was being transferred between prisons during this time, that he notified the clerk of court of his change of address and that the clerk did not respond to his letter inquiring about the status of his case. For the reasons set forth by the District Court, we conclude that these facts do not warrant equitably tolling the statute of limitations because Campbell, who did not refile his complaint for over a year after its dismissal, has not shown that he exercised reasonable diligence in bringing his claims. *See Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618–19 (1998) (requiring such a showing in order to equitably toll the statute of limitations).

Accordingly, because this appeal is frivolous, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

---

1. The District Court also did not abuse its discretion in denying Campbell's "Motion for Deferment" seeking to stay his case until his criminal proceedings were resolved. In his motion, Campbell stated that he had limited access to legal materials, and that a motion for a new trial was pending. The District Court concluded that a stay would be inappropriate because there were two motions for summary judgment pending which raised issues unrelated to those raised in the stay motion. Finally, Campbell has filed a motion for appointment of counsel. Because his appeal lacks arguable merit, we deny his motion for appointment of counsel. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993) (stating that in determining whether to appoint counsel, it must first appear that the plaintiff's claim has some merit).