

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3099

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Chen v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1165.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1165

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3099
_____

ZHANWEN CHEN,
*Petitioner*,

v.

ATTORNEY GENERAL OF THE UNITED STATES
*Respondent.*

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A95-370-358
Immigration Judge: Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2008

Before: SCIRICA, <u>Chief</u> <u>Judge</u>, FUENTES and GARTH, <u>Circuit Judges</u>

(Opinion filed: May 21, 2008)
_____

**OPINION**
_____

PER CURIAM

     Zhanwen Chen, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA" or "Board"), which denied his motion to

reopen removal proceedings.  We will deny the petition.

## I.

Chen was placed in removal proceedings for overstaying his visa. He applied for asylum and related relief because of a fear of persecution based on his political involvement. The Immigration Judge (IJ) denied relief, finding that Chen had provided no corroboration, and that his testimony was not particularly detailed, plausible, or credible. The BIA affirmed without opinion on July 7, 2004.

With new counsel, on April 5, 2007, Chen filed a motion to reopen based on ineffective assistance of his former counsel. The BIA denied the motion as untimely and noted that equitable tolling was not warranted, as the Board had sent a copy of its 2004 decision directly to Chen. Alternatively, the BIA noted that even if the motion had been timely, Chen had failed to demonstrate prejudice, as the IJ had held that even if Chen could have corroborated his claims of political involvement, his fear of future persecution was too speculative. The BIA stated that Chen had not shown that he was denied a fair hearing and that he further failed to comply with the requirements of Matter of Lozada, 19 I&N Dec. 637 (BIA 1988),[1] as the record did not contain Chen's affidavit, nor was there any allegation that Chen provided documents to his attorney which his attorney

---

[1] Lozada sets forth a three-step procedure for establishing ineffective assistance of counsel in immigration proceedings: (1) the alien should include an affidavit setting forth in detail his or her agreement with the attorney and note what the attorney failed to do; (2) the attorney should be given an opportunity to respond to the allegations; and (3) the motion should reflect whether a complaint has been filed against the attorney with appropriate disciplinary authorities, and if not, why not. Lozada, 19 I & N Dec. at 638.

2

failed to file. The Board also stated that Chen's delay in filing a motion to reopen, and his failure to explain the delay, raised serious doubts about the merits of his claim.

Chen timely filed a petition for review from the decision denying the motion to reopen.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Our jurisdiction is limited to a review of the BIA's denial of Chen's motion to reopen, as Chen did not file a timely petition for review of the BIA's final order of removal. See Stone v. I.N.S., 514 U.S. 386, 405-06 (1995). We review the BIA's denial of a motion to reopen for an abuse of discretion. Borges v. Gonzalez, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we will disturb the BIA's decision only if it is arbitrary, irrational, or contrary to law. Id.

In general, a motion to reopen removal proceedings must be filed within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). This deadline, however, may be equitably tolled by counsel's ineffectiveness. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005). In order to be eligible for equitable tolling, Chen must show that he has in some extraordinary way been prevented from asserting his rights and he has exercised reasonable diligence in investigating and bringing his claims. See Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998).

Chen has not shown that the BIA abused its discretion in failing to reopen proceedings. First, the motion was not filed within 90 days of the BIA's first decision, as

3

required by regulation. 8 C.F.R. § 1003.2(c)(2).  Second, although attorney ineffectiveness might be grounds for equitable tolling of the time limitation, Chen has not stated how attorney ineffectiveness affected his ability to timely file a motion to reopen, nor has he shown he was diligent in filing his motion.  Cf. Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005) (attorney ineffectiveness can provide basis for equitable tolling of time to reopen in absentia removal order if due diligence is shown).  Chen's motion to reopen does not contain any explanation for the delay; his brief here argues only that it would be difficult to bring a Lozada claim without the help of an attorney, and then, in a conclusory manner, states that Chen "substantially exercised his due diligence." Because Chen has not shown that he was in some extraordinary way prevented from asserting his rights, nor that he exercised due diligence in filing his motion to reopen, he cannot show that the Board abused its discretion in denying his motion.

For the foregoing reasons, the petition will be denied.