DLD-050                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2955
_____

TITO REYES,
                              Appellant

v.

DEBRA SAUERS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 10-cv-00129)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 23, 2011

Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: December 5, 2011 )
_____

OPINION
_____

PER CURIAM

        Tito Reyes, a Pennsylvania state prisoner proceeding <u>pro se</u>, appeals an order of

the United States District Court for the Western District of Pennsylvania dismissing his

civil rights action.  For the reasons that follow, we will affirm the judgment of the District

Court.

Reyes filed a complaint pursuant to 42 U.S.C. § 1983 alleging that correctional

officers "continued to [o]rder" him to work in the prison kitchen shortly after he had eye

surgery for the removal of cataracts. Comp. at 2. He averred that he was required to

work with hazardous chemicals and as a result he lost eyesight in his right eye. Reyes

sought compensatory and punitive damages.

The named defendant, Superintendent Debra Sauers, moved to dismiss the

complaint, arguing, among other things, that Reyes' action is time-barred. The

Magistrate Judge agreed and recommended that the District Court dismiss the complaint.

The District Court adopted the Magistrate Judge's report and recommendation and this

appeal followed.

Pennsylvania's two-year personal injury statute of limitations applies to Reyes'

§ 1983 action. See Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d

582, 599 (3d Cir. 1998). In his complaint, Reyes stated that the date of the event at issue

was January 12, 2008. Reyes, however, did not file his complaint until May 24, 2010,

more than two years later. On its face, Reyes' complaint was untimely filed.[1]

In his objections to the Magistrate Judge's report, Reyes argued that his complaint

was timely filed because there is no statute of limitations for § 1983 actions, he is not

pursuing his claims under state law, and he still suffers from the permanent loss of

---

[1]Reyes did not explain in his complaint what events occurred on January 12, 2008. In response to the motion to dismiss, he submitted a document showing that he had a medical appointment on January 12, 2007.

eyesight.  Although Reyes is correct that § 1983 does not set forth a statute of limitations, the limitations period for a personal injury action under state law applies to a § 1983 action.  Sameric, 142 F.3d at 599.  In addition, federal law governs the accrual of a § 1983 claim, which occurs when a litigant knows or has reason to know of the injury that is the basis of the action.  Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998).  Reyes did not assert in his response to Sauers' motion to dismiss or in his objections to the Magistrate Judge's report that he became aware of his injury on or after May 24, 2008.  The fact that Reyes still suffers from his injury is not relevant to the statute of limitations inquiry.

Reyes also has previously filed two civil rights actions against different defendants raising the same claim, which were dismissed for failure to exhaust administrative remedies.  See Reyes v. Sobina, W.D. Pa. Civ. No. 08-cv-00067; Reyes v. Barone, W.D. Pa. Civ. No. 08-cv-00072.  These actions were filed before May 24, 2008, and support the conclusion that Reyes was aware of his injuries before May 24, 2008.  In addition, in Reyes v. Barone, Reyes stated in his response to the defendants' motion to dismiss that he had eye surgery in April 2006 and he was forced back to work on April 17, 2006, more than four years before he filed his present complaint.[2]

---

[2]Reyes argued in District Court that the statute of limitations applicable to his present complaint should be equitably tolled during the time he pursued these earlier actions. Reyes, however, has not shown that he has in some extraordinary way been prevented from asserting his rights and equitable tolling is thus not warranted.  Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).

3

Finally, to the extent Reyes' complaint may be construed as seeking to invoke the continuing violations doctrine, this equitable exception to the timely filing requirement applies when a defendant's conduct is part of a continuing practice and the last act evidencing the continuing practice was within the limitations period. Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001). Reyes did not assert in District Court that any conduct took place within the limitations period. We thus find no error in the District Court's dismissal of Reyes' complaint.

Accordingly, because this appeal does not present a substantial question, we will affirm the judgment of the District Court.