

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2002

# USA v. Almodovar

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1378

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Almodovar" (2002). *2002 Decisions.* Paper 401.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/401

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-1378 and 01-1501

_____


UNITED STATES OF AMERICA

vs.

JUAN ALMODOVAR

Appellant No. 01-1378

_____


UNITED STATES OF AMERICA

Appellant No. 01-1501

vs.

JUAN ALMODOVAR

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 93-cr-00001-1)
District Judge:  The Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
March 22, 2002

(Filed: July 16, 2002)
_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant, Juan Almodovar, pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and the use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). He was sentenced to 210 months imprisonment, five years supervised release, and a special assessment of $100.00. We affirmed his sentence in *United States v. Almodovar*, 100 F.3d 948 (3d Cir. 1996).

Almodovar then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He asserted three claims: first, that an impermissible sentencing disparity exists between himself and co-defendants sentenced by another judge; second, that there was an error in imposing a two level enhancement for obstruction of justice; and third, that there was insufficient evidence to establish that the controlled substance seized was "crack" cocaine as defined by the Federal Sentencing Guidelines. The District Court later allowed Almodovar to amend his petition to include a claim that he had been deprived of due process at sentencing by the Government's failure to file a motion for a downward departure pursuant to Section 5K1 of the

2

Sentencing Guidelines. The new claim, premised on our intervening decision in *United States v. Isaac*, 141 F.3d 477 (3d Cir. 1998), asserted that the Government acted in bad faith by declining to file this downward departure motion. The District Court granted the motion in part and denied the motion in part. Specifically, the District Court agreed that the Government's refusal to file a downward sentencing departure motion based on the Appellant's substantial cooperation amounted to bad faith, warranting specific performance of the plea agreement. However, the District Court disagreed with Almodovar, holding that the disparity between his sentence and his co-conspirators was not a proper basis for a downward sentencing departure. The matter was then re-assigned to the Hon. Mary A. McLaughlin for re-sentencing. Judge McLaughlin ordered the Government to file a motion for a downward sentencing departure on the Appellant's behalf for substantial assistance pursuant to U.S.S.G. § 5K1.1. The Government filed such a motion and Judge McLaughlin re-sentenced the Appellant.

Almodovar filed a notice of appeal, challenging this new sentence and we appointed William T. Cannon, Esq. to assist with the appeal. Attorney Cannon filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1968), raising a single issue: *did the government violate its guilty plea agreement with the defendant by filing a downward departure motion at re-sentencing and then stating at the sentencing hearing that it opposed any sentence below the defendant's original sentence?* Counsel also

3

stated his view that there are no meritorious issues for appeal. Almodovar was informed of his right to file a pro se supplemental brief but has failed to do so.

The Government filed a cross-appeal, arguing that Almodovar's amended petition should have been dismissed as an improper successive petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), that the amended petition was time barred by the AEDPA, that the amended petition was procedurally barred in light of the direct appeal and thus the *Isaac* issue was not properly before the District Court, and finally that the District Court's finding of bad faith was not supported by the record. We start our analysis with the appeal filed by Almodovar.

Because Almodovar entered a guilty plea, he is limited on appeal to challenging the District Court's jurisdiction to accept the plea, to claim that the plea itself is invalid, or to claim that the sentence imposed on him was illegal. *See Tollet v. Henderson*, 411 U.S. 258 (1973). That challenge would fail because the record shows that Almodovar's guilty plea was knowing and voluntary within the meaning of *Boykin v. Alabama*, 395 U.S. 238 (1969), and that the requirements of Fed. R. Crim. P. 11 were satisfied in this case. Therefore, the guilty plea presents no nonfrivolous issues for appeal.

Moreover, Almodovar was sentenced with the guideline range based on the nature of the offenses and his prior criminal record or lack thereof. As such, there is no

4

legitimate basis under 18 U.S.C. § 3742 to challenge this sentence. Almodovar's claim that his sentence is illegal is without merit and we will affirm.

On cross-appeal the Government first argues that Almodovar's amended motion to vacate was an impermissible successive petition under the AEDPA. We disagree. Almodovar had good cause to amend his motion–our intervening decision in *United States v. Isaac*, 141 F.3d 477 (3d Cir. 1998). Fed. R. Civ. P. 15(a) clearly states that leave to amend a pleading shall be freely given when justice so requires. Because of the intervening change in law between the two petitions, we affirm Judge Ludwig's grant of the Motion to Amend.

Next, the Government contends that Almodovar's amended motion was time barred by the AEDPA. 28 U.S.C. § 2255 provides that habeas petitions must be filed within one year from the Supreme Court's denial of certiorari. The Supreme Court denied Almodovar's petition for certiorari on February 18, 1997, and his amended habeas petition was not filed until May 28, 1999–more than one year later. However, in *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616 (3d Cir. 1998), we held that the AEDPA limitations periods are subject to equitable tolling. We wrote that equitable tolling would generally be proper when "the petitioner has in some extraordinary way. . .been prevented from asserting his or her rights." *Id.* at 618 (internal citations omitted). Almodovar's initial habeas petition was filed on February 11, 1998, our decision in *Isaac* was filed on April 10, 1998. Almodovar was clearly prevented from asserting his *Isaac*

5

claim before that decision was filed, thus equitably tolling the AEDPA limitations period was appropriate and we will affirm.

Finally, the Government argues that Almodovar's amended petition was procedurally barred in light of the direct appeal, or that, in the alternative, the District Court's finding of bad faith by the government was not supported by the record. First, the amended petition was not procedurally barred because of the intervening decision in *Isaac*. Second, the District Court made a number of specific factual findings predicated upon testimony received during evidentiary hearings held before him. We agree that these conclusions support a finding of bad faith and affirm the District Court's order to the Government to file a motion for downward departure on Almodovar's behalf.

### Conclusion

In sum and for the aforementioned reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

   /s/ Richard L. Nygaard    
Circuit Judge

6

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-1378 and 01-1501
_____


UNITED STATES OF AMERICA

vs.

JUAN ALMODOVAR

Appellant No. 01-1378


_____


UNITED STATES OF AMERICA

Appellant No. 01-1501

vs.

JUAN ALMODOVAR

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 93-cr-00001-1)
District Judge:  The Honorable Mary A. McLaughlin

_____


Submitted Under Third Circuit LAR 34.1(a)
March 22, 2002

BEFORE: NYGAARD, ROTH, and AMBRO, Circuit Judges.

_____

JUDGMENT

_____

This cause came to be considered on the record from the United States

District Court for the Eastern District of Pennsylvania and was submitted pursuant to

Third Circuit LAR 34.1(a) on March 22, 2002.

On consideration whereof, it is now here ORDERED AND ADJUDGED by

this Court that the judgment entered on February 9, 2001, be, and the same are hereby

affirmed.

All of the above in accordance with the opinion of this Court.

ATTEST:


_____
Acting Clerk

Dated: 16 July 2002

2