

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2008

# USA v. Richardson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4624

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Richardson" (2008). *2008 Decisions.* Paper 1581.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1581

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4624
_____

UNITED STATES OF AMERICA

v.

GREGORY RICHARDSON
a/k/a HASSAN BANKS

Gregory Richardson,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00817)
District Judge:  Honorable William H. Yohn, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2008

Before:  FISHER, HARDIMAN and STAPLETON, *Circuit Judges*.

Filed: February 19, 2008
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

This appeal arises out of Gregory Richardson's conviction of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and one count of obstruction of justice in violation of 18 U.S.C. § 1512(b)(1). For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On August 11, 2004, Philadelphia Police Officers stopped a vehicle at the corner of 25th and Tasker Streets in Philadelphia. They conducted the stop because they saw that a woman in the backseat of the car, Adrienne Preziosi, was bleeding. Richardson was sitting in the passenger seat of the car. He initially refused to open his door for the police, but when he finally did so, a firearm fell from the door. Richardson was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Additionally, Richardson was charged with obstruction of justice in violation of 18 U.S.C. § 1512(b)(1) for attempting to alter Preziosi's testimony at various points in the investigation against him.

During trial, Richardson objected to the admission of portions of telephone conversations he had with his friend, "Ghost." However, the District Court admitted the

2

recordings in full.  In these conversations, he described, in graphic detail, what he would

do to Preziosi if she testified against him.  Specifically, the tape recordings stated:

> Richardson:  What she say, she say she coming to my hearing?
> Ghost:  No she coming to a, she ain't say which hearing.
> Richardson:  She say she going to court, she go to court this month.
> Ghost:  Yeah, yeah.
> Richardson:  And then she say she coming to a hearing?
> Ghost:  Yeah.
> Richardson:  Yeah, she coming to my hearing I guess. I don't know man 'bout this trash, this bitch, man.  I swear for God man I get outta here I'ma break every bone in her face man.  I, I don't know who they think they playing with man ya'll gone she another side of me you should know, you know what I'm saying.
> Ghost:  That's the, that's that's the only thing I don't understand, she know better.
> Richardson:  Yeah, you know better, but you ain't goin' do better until I walk up on you and then rearrange . . . then knock your teeth out first. That's what I'm gonna do, I'm gonna punch you in your mouth as hard as I can, knock you out.  I'ma let you get yourself together then I'ma punch you in your eye.  Both of them and break the bones on both sides of your eye. Then I'ma leave you in that mess, you gonna be looking like a Goddamn pig or something.  Then I'ma pull half your damn hair out the top of your head.  I don't know who you think you playin' with man. . . .

On November 2, 2005, a jury convicted Richardson of one count of possession of a

firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and one count of

obstruction of justice in violation of 18 U.S.C. § 1512(b)(1).  On October 18, 2006, the

District Court sentenced Richardson to a total of 150 months imprisonment, followed by

3 years of supervised release.  This timely appeal followed.

II.

We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. When reviewing a jury verdict for sufficiency of the evidence, we employ a highly deferential standard. *See United States v. Greenidge*, 495 F.3d 85, 100 (3d Cir. 2007). "[V]iewing the evidence in the light most favorable to the government, we will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "We review a District Court's decision to admit or reject testimony under [Federal] Rule [of Evidence] 403 for abuse of discretion, and, we will not reverse such a ruling unless it is arbitrary and irrational." *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 170 (3d Cir. 2001) (internal quotation marks and citation omitted).

III.

A.

Richardson argues that there was insufficient evidence at trial to support a finding that he possessed the firearm, a required element of 18 U.S.C. § 922(g)(1). We have stated that "[c]onstructive possession exists if an individual knowingly has both the power and the intention at a given time to exercise dominion or control over a thing." *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992) (internal quotation marks and citation omitted). Thus, it "necessarily requires both dominion and control over an object and knowledge of that object's existence." *Id.* (internal quotation marks and citation omitted).

4

In the present case, the police officer at the scene testified that he saw Richardson bend down in the car and make a motion toward the area between the car seat and the door. The officer testified that Richardson initially refused to open the door for the officer, but when he did, a firearm fell from the car. Based on this evidence, we conclude that a rational trier of fact could have found that Richardson had dominion and control over the firearm placed between his seat and the door and that he knew of its existence.[1]

B.

Richardson argues that there was insufficient evidence at trial to support a finding that he tampered with a witness in violation of 18 U.S.C. § 1512(b)(1). Under section 1512(b)(1), obstruction of justice occurs when a person "knowingly . . . corruptly persuades another person, or attempts to do so . . . with intent to . . . influence . . . the testimony of any person in an official proceeding." We have stated that "corrupt persuasion" includes "attempting to persuade someone to provide false information to federal investigators." *United States v. Farrell*, 126 F.3d 484, 488 (3d Cir. 1997). To

---

[1]Richardson argues that the facts of this case are analogous to those in *United States v. Blue*, 957 F.2d 106 (4th Cir. 1992). In *Blue*, the court reversed the conviction of the defendant because it found that he did not constructively possess a firearm found beneath the passenger seat in which he had been sitting. 957 F.2d at 108. However, in that case, the officer testified only that he had seen a "shoulder dip" by the defendant, and a firearm was under the defendant's seat. *Id.* at 107-08. In the present case, the officer testified to the direction in which he saw Richardson move, the fact that Richardson refused to open the door, and the fact that the firearm fell to the ground when the door was opened, indicating that the door could not have been opened without knowing that the firearm was present. For these reasons, we find his argument unavailing.

5

"knowingly" commit this offense, "the defendant must know that his conduct has the natural and probable effect of interfering with the witness's communication, whether or not it succeeds." *United States v. Davis*, 183 F.3d 231, 248 (3d Cir. 1999).

In the present case, Preziosi testified that, on several occasions, Richardson asked her to lie regarding who owned the gun. Additionally, the government recorded conversations that Richardson had with his friends while he was in prison in which he gave them instructions to relay to Preziosi as to what she should tell the government. From this evidence, we conclude that a rational trier of fact could find that Richardson was trying to persuade Preziosi to provide false information to the government, and that he knew that his statements to her and his friends would likely have that effect.[2]

## C.

Richardson argues that the District Court improperly admitted the recordings of his conversations with Ghost because the recordings were "highly prejudicial" to him. Under Federal Rule of Evidence 403, the District Court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." The 1972 Advisory Committee Notes accompanying Rule 403 state that "[u]nfair prejudice . . .

---

[2]The government argues that Richardson's challenge is waived, and thus, we should review the claim for plain error. However, we do not find it necessary to determine whether the claim was waived; since there was no error, there was no plain error.

means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

In determining that the recordings were admissible evidence, the District Court did not abuse its discretion. It considered the factors of Rule 403, finding that the recordings were relevant evidence in demonstrating that Richardson attempted to tamper with Preziosi's testimony, and were not unfairly prejudicial to him. We agree that the conversations Richardson had with Ghost were relevant because they had a tendency to demonstrate that Richardson was attempting to secure Preziosi's false testimony or prevent her from testifying at all.[3] *See* Fed. R. Evid. 401. Additionally, the threats had a tendency to demonstrate Richardson's consciousness of guilt. *See United States v. Guerrero*, 803 F.2d 783, 785-86 (3d Cir. 1986).

In considering whether the threat evidence is unfairly prejudicial, we consider these factors: (1) "the tendency of the particular conduct alleged to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"; (2) "the nature or style of the specific witness's narrative"; (3) "the likelihood that the testimony is true"; and (4) "the sufficiency of the other evidence presented to make a reasonable connection between the defendant and the offense charged." *Guerrero*, 803 F.2d at 786 (internal

---

[3]Richardson argues that these statements were not threats to Preziosi because they were made to Ghost, not Preziosi. We find this argument unavailing. The conversation demonstrated that Ghost was in contact with Preziosi regarding her attendance of and participation in the criminal proceedings against Richardson, and one could infer that Richardson intended for Ghost to relay the statements to Preziosi.

quotation marks and citations omitted).  In the present case, the threat evidence was graphic, but it was not so provocative that it would suggest an improper basis to conclude that he was tampering with a witness's testimony.  Moreover, the testimony was true, and as discussed above, the conversations were connected to the defendant and the obstruction of justice charge.  Therefore, we cannot find that the District Court abused its discretion in finding that the evidence was not unfairly prejudicial.

IV.

For the reasons described above, we will affirm the judgment of the District Court.