NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3844
_____

UNITED STATES OF AMERICA

v.

GREGORY RICHARDSON
a/k/a Hassan Banks

Gregory Richardson,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 2-04-cr-00817-001
(Honorable William H. Yohn Jr.)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 13, 2012

Before:  SCIRICA, FISHER and JORDAN, *Circuit Judges*.

(Filed: November 30, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Defendant Gregory Richardson appeals the District Court's judgment dismissing

his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for failure

to prosecute. Richardson contends his trial counsel was constitutionally ineffective. We will affirm.

## I.

Richardson was charged in a one-count indictment for being a convicted felon in possession of a firearm after police recovered his handgun (a machine pistol) during a traffic stop of a vehicle in which he was a passenger. Awaiting trial in prison, Richardson urged Adrienne Preziosi, another passenger in the vehicle, to lie and testify the gun was not his. After she refused, Richardson, in a conversation with a third party, threatened to physically harm her when he got out of jail.[1] Richardson was subsequently charged with obstruction of justice for attempting to tamper with a witness in a judicial proceeding. A jury convicted Richardson on both counts, he was sentenced to 150 months' imprisonment, and we affirmed. *United States v. Richardson*, 265 F. App'x 62 (3d Cir. 2008).

On June 19, 2009, Richardson filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The motion contained five grounds for relief, including a claim his trial counsel was ineffective. The motion, however, neither set forth a factual basis for the claims nor attached a memorandum in support. The court ordered the government to file a response and issued a standard order based on *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), informing Richardson that his § 2255 motion must

---

[1] Richardson threatened to "break every bone in her face," knock her teeth out, punch her in the eyes, "break the bones on both sides of [her] eye," and "pull half the damn hair out the top of [her] head."

contain all the claims he wishes to raise and that any amended motion must be filed within the one-year statute of limitations.

Richardson sent a letter to the court on July 8, 2009, stating he had not yet been provided with a complete record and needed additional time to file a brief in support of his motion and/or amend his motion. He also requested that the court postpone the deadline for the government to file its response brief until he had filed his brief or amended motion. The court granted Richardson's request and ordered him to file a brief and/or a motion to amend by December 31, 2009.

On October 9, 2009, Richardson again wrote to the court, stating he still had not received from counsel the records he needed to brief his motion. On December 11, he wrote another letter informing the court he was still waiting for the materials from his counsel. On December 30, the eve of the briefing deadline, Richardson's former counsel sent him all the documents requested, including those already provided.

On January 19, 2010, after his time to file a brief expired, Richardson asked the court to give him until March 31, 2010, to file his brief. The court ordered Richardson to file his brief by April 30, 2010. On April 26, Richardson moved for yet another extension of his time to file a brief, explaining he was unable to do so without aid of counsel and requesting the court to appoint counsel. The court extended Richardson's deadline to file a brief to July 15, 2010, and deferred ruling on his request for counsel until after he and the government had filed briefs.

On July 26, 2010, Richardson still had not filed a brief, and the court dismissed his § 2255 motion without prejudice for lack of prosecution. On August 30, Richardson filed

3

a motion for enlargement of time to file a brief, explaining he had been unable to work on his brief from June 23 to August 18 because he was in state custody and lacked access to his legal materials. The court dismissed this motion as moot because the § 2255 motion had already been dismissed. Richardson appealed, arguing the court abused its discretion in dismissing his § 2255 motion. He also argues the court should have relied on equitable tolling and reinstated the § 2255 motion after he informed the court that he had been unable to work on the motion while in state custody.[2]

## II.

### A.

We review a district court's dismissal for lack of prosecution for abuse of discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). To determine whether the district court abused its discretion, we consider 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure of the other party to meet deadlines; 3) the history of dilatoriness; 4) whether the party's conduct was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the dismissed claims. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The District Court did not abuse its discretion. Richardson was personally responsible for not prosecuting his § 2255 motion. It is undisputed that Richardson was sent all the necessary documents (including the record) on December 30. Furthermore, he

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291.

was responsible for timely informing the court he would need an extension beyond July 15. Second, the government was arguably prejudiced by Richardson's delay due to "the inevitable dimming of witnesses' memories." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

Third, Richardson had a history of dilatoriness. He was given four extensions to file a brief in support of his § 2255 motion, totaling nearly a year's worth of time. Irrespective of earlier extensions (arguably justified for lack of records), Richardson received all requested documents more than six months before his motion was dismissed. Fourth, Richardson "willfully" failed to request another extension beyond July 15. Fifth, there appears to have been no other effective sanction available to the court.

Finally, we consider the merits of Richardson's claims for relief. On appeal, he asserts his counsel was ineffective for 1) failing to seek severance of the two charges, 2) allowing him to be seen by potential jurors while shackled, and 3) failing to ensure he had proper attire for trial.

Richardson's first claim for relief is without merit. The District Court ruled the evidence of his witness tampering would be admissible in a trial solely on the felon-in-possession charge, and vice versa. So we fail to discern any basis for severance or any prejudice from trial counsel's decision not to seek severance.[3]

---

[3] At a pre-trial hearing, the issue arose whether to sever the two counts. Although initially concerned that evidence of prior felony convictions, necessary to convict on the felon-in-possession charge, might prejudice Richardson on the witness tampering charge, the court decided that evidence of Richardson's prior felony convictions would be admissible in a separate trial on the witness tampering charge in order to understand and evaluate the threats against Preziosi. The court also concluded that evidence of witness tampering

Richardson's second claim, that his counsel should not have allowed him to be seen by potential jurors while shackled, was not asserted in his § 2255 motion.[4] He argues that his general accusation that his trial counsel was unprepared for trial includes this claim. We disagree. This issue was never raised below.

Finally, Richardson's third claim lacks merit. The record shows Richardson lacked civilian attire on the morning of trial. But the court gave Richardson an opportunity to have his sister bring him civilian clothes. The record is unclear exactly when the clothes arrived, but there is no further discussion of Richardson's clothing that day, and the next day Richardson is identified by a witness as wearing a sweater with an NYSE logo.[5]

After considering the six *Poulis* factors, we conclude the District Court did not abuse its discretion in dismissing Richardson's § 2255 motion for lack of prosecution.

### B.

Asserting equitable tolling, Richardson contends the court abused its discretion when it dismissed as moot his final request for an enlargement of time, filed after his §

would be admissible in a separate trial on the felon-in-possession charge because it reflected consciousness of guilt. Richardson, relying largely if not solely on advice of counsel, decided against severing the two charges. His counsel explained that severance would be unfavorable, as Richardson would have to prevail before two separate juries and because he believed the government's witnesses may become stronger after the first trial. Additionally, based on the court's evidentiary ruling, any "benefits" from severance had been lost.

[4] Before trial, Richardson requested that he be allowed to view the selection of the voir dire panel. The United States Marshals stated they would have to restrain him in a belly shackle for security reasons. Despite this, Richardson still wished to see the selection process in person, his counsel did not object, and some potential jurors saw Richardson while he was shackled.

[5] Richardson asserts wearing a "sweater with a NYSE logo was tantamount to being attired in prison clothing." Richardson's Br. at 59. We disagree.

2255 motion was dismissed, in which he informed the court he had been in state custody for several weeks and unable to work on his brief during that period.

We find no support for Richardson's position. Equitable tolling of the one-year statute of limitations for § 2255 motions "is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (alterations in original) (quoting *Shendock v. Dir., Office of Workers' Comp. Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990)). Generally, equitable tolling requires a defendant to show that he has "in some extraordinary way" been prevented from asserting his rights and that he "exercised reasonable diligence" in bringing his claims. *Id.* (citations omitted). Here, Richardson's motion was not dismissed for failure to comply with a "rigid" statutory deadline, but for failure to comply with a flexible, court-set deadline that had already been extended several times. Richardson had at least six months to work on his motion. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002) (finding no basis for equitable tolling when the defendant "was only deprived of his legal papers for a few weeks of the year-long statute of limitations"). Finally, Richardson's failure to ask for another extension of time until more than six weeks after the deadline passed and four weeks after the court dismissed his motion reflects a lack of diligence. Accordingly, we see no abuse of discretion.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.