

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2008

# Bah v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2629

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bah v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1224.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 07-2629

————

ALPHA OUMAR BAH,
                                  Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

————

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A76 581 544
Immigration Judge: Donald Vincent Ferlise

————

Submitted Pursuant to Third Circuit LAR 34.1(a)
MAY 7, 2008

Before:    BARRY, SMITH AND HARDIMAN, Circuit Judges

(Opinion filed May 14, 2008)

————

OPINION

————

PER CURIAM

     Alpha Oumar Bah, a citizen of Guinea, petitions for review of an order of the

Board of Immigration Appeals (BIA or Board), which denied his motion to reopen

removal proceedings.  We will deny the petition.

I.

Bah entered the United States on a one-year business visa in 1989 and his wife,

Aissatou,[1] joined him in 1997. They were both placed in removal proceedings in 1999.

Represented by attorney Jonathan Koutcher, they both conceded removability and applied

for asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").

The immigration judge ("IJ") issued an interlocutory order denying their asylum

applications as untimely. A.R. 855-57. On August 10, 2000, the IJ denied their

applications for withholding and CAT relief, finding that they were not credible. A.R.

175-88, 853. The Bahs appealed, and, on August 6, 2003, the Board of Immigration

Appeals ("BIA") affirmed the IJ's decision without opinion. A.R. 849. No petition for

review was filed.

In September 2006, Aissatou Bah was taken into custody by the Bureau of

Immigration and Customs Enforcement ("ICE"). According to Bah, this was the first

time that the Bahs discovered that they had lost their appeal. Bah retained a new lawyer

who, after contacting Koutcher (who had no records of the Bahs' appellate proceedings),

filed a Freedom of Information Act ("FOIA") request to obtain the record of their

proceedings before the BIA. The record disclosed that Koutcher filed a notice of appeal,

listing as the reason for the appeal the IJ's error in determining that Bah was not eligible

_____

[1] The instant petition for review pertains only to Alpha Bah, although, as their
proceedings were held together, we may at times in this opinion refer to Bah's wife.

2

for an exception to the one-year filing deadline for asylum.  Koutcher checked the box indicating that a separate brief would be filed, but he did not file a brief.  A.R. 163-64.  Bah, through his new attorney, filed a motion to reopen with the BIA based on Koutcher's ineffectiveness as well as changed circumstances in Guinea.  A.R. 729-33.  In the motion, Bah admitted that the time to file a motion to reopen had expired, but argued that the Board should exercise its authority to reopen sua sponte, because of the ineffectiveness of his attorney.  A.R. 733.  Bah argued that he had met the requirements of Matter of Lozada, 19 I & N Dec. 637 (BIA 1988),[2] as modified by this Court.  A.R. 732; see Fadiga v. Attorney General, 488 F.3d 142, 157 (3d Cir. 2007) (holding complaint with state bar disciplinary committee unnecessary when prior counsel admits and takes responsibility for errors).  Bah also asserted that he had acted with due diligence after discovering Koutcher's negligence, and that he had filed his motion to reopen within two and one half months of discovering the predicate facts.  A.R. 730.

The BIA denied the motion as untimely.  A.R. 722.  The Board noted that courts have held that the motion to reopen period could be tolled due to fraud or deception, but that Bah's affidavit did not establish that his attorney had deceived him about the Board's dismissal of his appeal.  The Board, citing Mahmood v. Gonzales, 427 F.3d 248, 252-53

---

[2] Lozada sets forth a three-step procedure for establishing ineffective assistance of counsel in immigration proceedings: (1) the alien should include an affidavit setting forth in detail his or her agreement with the attorney and note what the attorney failed to do; (2) the attorney should be given an opportunity to respond to the allegations; and (3) the motion should reflect whether a complaint has been filed against the attorney with appropriate disciplinary authorities, and if not, why not.  Lozada, 19 I & N Dec. at 638.

3

(3d Cir. 2005), also found that Bah failed to exercise diligence, as he brought his claims against prior counsel more than three and one-half years after the Board's prior decision.

Bah filed a timely petition for review and a motion for a stay of removal. The Government filed an opposition to the motion for a stay, and filed a motion for summary affirmance. This Court granted the stay motion and referred the motion for summary affirmance to this panel.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Our jurisdiction is limited to a review of the BIA's denial of Bah's motion to reopen, as Bah did not file a timely petition for review of the BIA's final order of removal. See Stone v. I.N.S., 514 U.S. 386, 405-06 (1995). We review the BIA's denial of a motion to reopen for an abuse of discretion. Borges v. Gonzalez, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we will disturb the BIA's decision only if it is arbitrary, irrational, or contrary to law. Id.

In general, a motion to reopen removal proceedings must be filed within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i).[3] This deadline, however, may be equitably tolled by counsel's ineffectiveness. See Mahmood v.

---

[3] One exception to the time limitations is a motion to reopen based on changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii). Although Bah's motion briefly noted that country conditions had changed, the motion did not address how these changed conditions would affect Bah's application for relief. The Board did not address this aspect of the motion in its decision, and Bah does not make any claim in regards to changed country conditions in his brief. Thus, we will not address the claim. See F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000) (Court will not consider claims not raised in opening brief).

Gonzales, 427 F.3d 248, 252 (3d Cir. 2005).[4]  In order to be eligible for equitable tolling,

Bah must show that he has in some extraordinary way been prevented from asserting his

rights and he has exercised reasonable diligence in investigating and bringing his claims.

See Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998).  Bah's assertion,

if credited, that Koutcher failed to inform him of the BIA's decision,[5] despite his repeated

inquiries, would be sufficient to justify the tolling of the period of limitations.  See

Mahmood, 427 F.3d at 252 (finding that attorney's failure to notify petitioner of IJ's

decision probably was sufficient to justify tolling).  However, we agree with the Board

that Bah failed to show diligence in making his claims against Koutcher.

     Assuming, arguendo, that Bah did not learn of the Board's initial decision until his

wife was arrested,[6] he has not shown that he was diligent in checking the status of his

---

[4] Bah's motion to reopen asked the Board to exercise its discretion to reopen the matter sua sponte.  The Board may reopen a matter sua sponte at any time.  8 C.F.R. § 1003.2(a).  We lack jurisdiction to review a decision of the BIA declining to exercise its discretion to reopen a case.  See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).  However, as the Board cited Mahmood, it appears that the Board construed Bah's motion to reopen to request that it equitably toll the time period for filing a motion to reopen, rather than as a request to exercise its sua sponte authority to reopen.  We have jurisdiction to consider whether the Board abused its discretion in declining to equitably toll the period.  Borges, 402 F.3d at 404.

[5] The Board's decision states that Bah's affidavit did "not establish that his former attorney *deceived* him about the Board's dismissal of the appeal."  A.R. 722 (emphasis added).  Although the Board found no deception, it is not clear whether the Board credited Bah's assertion that Koutcher failed to inform him about the decision.

[6] A letter from Koutcher, attached to the motion to reopen at Exhibit 9, states, "I most certainly did contact Mr. Bah following the decision from the [Board], contrary to the

5

case from the time the Board issued its decision to the time his wife was arrested. The Board's decision is dated August 6, 2003. Bah's affidavit states that he called Koutcher's office "many, many times between 2000 and 2003, the date of the BIA decision," and that he "continued after 2003 to call Attorney Koutcher from time to time, but was never permitted to speak with him directly, because his secretary and paralegals would tell me he was 'in court' or otherwise unavailable." A.R. 755. Bah does not explain why he did not attempt to determine the status of his case in some other way, perhaps by calling the BIA, or by asking Koutcher's secretary or paralegals whether a decision had been issued, in the over three years following the BIA's decision.

Bah has not established that the BIA abused its discretion in denying his motion based on its finding that he was not diligent.[7] We will therefore deny the petition.[8]

---

statement made in paragraph #7 of Mr. Bah's Affidavit." A.R. 836. The letter purports to attach a letter that Koutcher sent to Bah on August 20, 2003, "which is self-explanatory," but that letter is not included in the Administrative Record.

[7] Bah argues only that the BIA erred in failing to analyze the Lozada factors. But the BIA could only reach the merits of Bah's ineffectiveness claim if it tolled the period of limitations.

[8] Respondent's Motion for Summary Affirmance is denied as moot.