**Kenneth J. TAGGART, Appellant**

v.

**CHASE BANK USA, N.A.; JP Morgan Chase Bank, d/b/a Chase Home Finance, LLC.**

No. 09–3067.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 19, 2009.

filed: Nov. 27, 2009.

Kenneth J. Taggart, Southampton, PA, pro se.

Robert L. Byer, Esq., Duane Morris, Pittsburgh, PA, Joshua C. Schumacher, Esq., Duane Morris, Philadelphia, PA, Sheila R. Wiggins, Esq., Duane Morris, Newark, NJ, for Chase Bank USA, N.A.; JP Morgan Chase Bank.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Kenneth Taggart appeals pro se from a District Court order dismissing his action as untimely. For substantially the same reasons, we will affirm.

On March 5, 2009, Taggart initiated this action in state court asserting violations of the Truth In Lending Act ("TILA"). Taggart alleged that the terms he signed in his mortgage closing on July 20, 2005, were different than the disclosures he previously received on June 5, 2005. Taggart claimed that the lender did not make the paperwork available for 24 hours prior to settlement, that the June 2005 disclosures were confusing and misleading, and that the margin of the annual percentage rate was different than what he was originally informed they would be. Taggart also sued for rescission rights.

On April 9, 2009, defendants removed the action to federal court and filed a motion to dismiss. Defendants argued that Taggart's claims were time-barred and that his rescission and damages claims were not actionable under TILA. In support, they included a copy of the mortgage note, which was signed by Taggart on July 20, 2005, along with various other docu-

ments from the property closing that disclosed the terms of the mortgage. The District Court converted defendants' motion to dismiss into a motion for summary judgment and ordered Taggart to respond, specifically to "demonstrate why the action was not filed too late (for example, if equitable tolling applies)." Taggart replied, but did not address how his action is not barred as untimely. Accordingly, the District Court found that the action was filed too late and dismissed it.[1] Taggart timely appealed. Appellees filed a motion for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We will summarily affirm if Taggart's appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. Our review is plenary. *See Kaucher v. County of Bucks,* 455 F.3d 418, 422 (3d Cir.2006). Summary judgment will be affirmed if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

TILA imposes a one-year statute of limitations on actions that state a claim for damages based on a violation of disclosure provisions. *See* 15 U.S.C. § 1640(e). The limitations period begins when the transaction occurs. *Id.*; *see also Ramadan v. Chase Manhattan Bank,* 156 F.3d 499, 500–01 (3d Cir.1998). Equitable tolling can rescue a TILA claim otherwise barred by the statute of limitations when the movant has "in some extraordinary way . . . been prevented from asserting his or her rights." *See Miller v. N.J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1380 (3d Cir.1994)). Specifically, he must demonstrate that he "exercised reasonable diligence in investigating and bringing" his claims. *Miller,* 145 F.3d at 618–19 (quoting *New Castle County v. Halliburton NUS Corp.,* 111 F.3d 1116, 1126 (3d Cir. 1997)).

The parties do not dispute that Taggart closed on the mortgage and signed the TILA disclosure statements on July 20, 2005. Taggart filed his complaint on March 5, 2009—clearly exceeding the one-year limitations period. Taggart's claim that he has the right to rescind also does not render his action timely; under 15 U.S.C. § 1635(f), he must file his action within three years after the closing. Even assuming that this section applies, the three-year period expired in July 2008.[2] Thus, his claims are time-barred.

Taggart also fails to show that equitable tolling applies. *See Santos v. United States,* 559 F.3d 189, 198 (3d Cir.2009). He does not show that defendants actively misled him or engaged in conduct after the loan closed that justifies equitable relief. The mortgage documents that Taggart signed expressly state the terms of his loan, which appellees show that Taggart continued to pay for over three years up until he filed the instant action. Taggart also does not show that defendants took extraordinary steps to prevent him from asserting his rights. *Id.* Nor does he show

---

1. In its memorandum, the District Court incorrectly identified the date of the mortgage closing as June 20, 2005. A review of the record indicates that the mortgage closing was on July 20, 2005. This error does not change the outcome of the District Court's decision.

2. Moreover, a consumer's right of rescission extends for three years only if the property is the consumer's principal dwelling. *See* 15 U.S.C. § 1635. Evidence provided by defendants shows that the mortgage was to refinance an investment property.

that he exercised reasonable diligence in investigating and bringing these claims. *Miller*, 145 F.3d at 618–19. Accordingly, Taggart's claims were properly dismissed.

Finally, Taggart's arguments to this Court do not justify relief. The District Court did not err in denying Taggart permission to amend because his claims were barred as a matter of law. Even assuming, arguendo, that violations had occurred, the latest Taggart could have filed a claim was one year after his mortgage closed, i.e., not later than July 20, 2006. His contention that he did not discover the alleged misleading terms until the payments had increased does not excuse his untimeliness. Section 1635(f) also completely extinguished any right of rescission Taggart could have asserted when the three-year period ended on July 20, 2008. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). Because dismissal was proper and because the appeal presents no substantial question, we will grant the Appellees' motion and summarily affirm the District Court judgment. Appellant's motions for summary action are denied as moot. In light of our disposition, Appellees' motion to strike Appellant's document titled "Additional Information/Notice to Court for Appellant's Cross to Motion for Summary Action" is denied.