**ALD-159**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-4509

———————

KENNETH J. TAGGART,
                                        Appellant

v.

CHASE BANK USA, N.A.; JP MORGAN CHASE BANK,
d/b/a CHASE HOME FINANCE, LLC

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-03761)
District Judge:  Honorable John P. Fullam

———————

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 25, 2010

Before:  SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed : April 14, 2010 )

———————

OPINION

———————

PER CURIAM

    Kenneth Taggart appeals pro se from a District Court order dismissing his action

with prejudice as barred by res judicata.  For the reasons below, we will affirm.

On March 5, 2009, Taggart initiated an action in state court asserting violations of the Truth In Lending Act ("TILA") regarding his mortgage closing on July 20, 2005. Appellees removed this case to federal court and filed a motion to dismiss on the grounds that Taggart's TILA claims were time-barred and not actionable. The District Court agreed and dismissed Taggart's complaint with prejudice. This Court affirmed. Taggart v. Chase Bank USA, N.A., No. 09-3067, 2009 WL 4193609 (3d Cir. Nov. 27, 2009).

On July 17, 2009, Taggart filed a second action in state court regarding the same July 20, 2005 mortgage closing at issue in his March 2009 complaint. This second complaint involved seventeen claims, including claims brought under TILA, as well as the Fair Credit Reporting Act, the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collections Practices Act. Appellees removed this case to federal court and filed a motion to dismiss pursuant to Rule 12(b)(6). The District Court granted the motion, finding that although Taggart asserted different causes of action, both lawsuits concerned the same mortgage and loan transaction. Because these causes of action could have been raised in the first complaint, the second complaint was barred by res judicata. The court dismissed with prejudice.

Taggart timely appealed. Appellees filed a motion for summary action and Taggart filed an opposition. In his opposition, Taggart concedes that he filed the second complaint regarding the July 20, 2005 mortgage closing. However, he argues that "Counts 15, 16, & 17 occurred after the original complaint was filed," and were unknown

2

"at the time the original complaint was filed." Taggart also contends that the District Court denied him to opportunity to amend his original complaint to include these violations, and cites to another case pending in federal court in which he was permitted to do so.

We have jurisdiction under 28 U.S.C. § 1291. We will summarily affirm if Taggart's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. The court granted defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, we accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them. Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 962 (3d Cir. 1991). A district court's application of the doctrine of res judicata is a question of law over which we exercise plenary review. See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 248 (3d Cir. 2006).

The doctrine of res judicata "gives dispositive effect to a prior judgment if a particular issue, although not litigated, *could have been raised* in the earlier proceeding." CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (emphasis in original) (internal citation omitted). The doctrine bars a suit where three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp, 929 F.2d at 963. A dismissal on statute of limitations grounds is a dismissal on the merits for res judicata purposes. See Elkadrawy v. Vanguard Group,

3

Inc., 584 F.3d 169, 173 (3d Cir. 2009) (citing Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995)).

Here, Taggart filed his second complaint after receiving a final judgment on the merits dismissing his first complaint as time-barred per the statute of limitations under TILA. Elkadrawy, 584 F.3d at 173. Taggart does not dispute that both complaints involve the same July 20, 2005 mortgage and are against the same defendants, Chase and JP Morgan Chase Bank N.A. d/b/a Chase Home Finance, LLC. Lubrizol Corp., 929 F.2d at 963. As Appellees argue, the thrust of the two complaints is the same, as Taggart seeks redress for allegedly wrongful conduct in connection with the same underlying event, the July 20, 2005 mortgage. CoreStates, 176 F.3d at 194. Even though his second complaint relies on new violations and different legal theories under the Fair Credit Reporting Act, the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collections Practices Act, Taggart is merely attempting to split a cause of action, which he is not permitted to do. See Churchill v. Star Enters., 183 F.3d 184, 194-95 (3d Cir. 1999). Thus, Taggart's second complaint was properly dismissed.

Taggart's argues that his second complaint should not be barred because he was not given the opportunity to amend his first complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (a federal court must inform a plaintiff that he has leave to amend when dismissing for failure to state a claim, unless amendment would be futile). To the extent that Taggart attempts to relitigate the District Court's decision as

4

it pertains to his first complaint, we cannot reconsider his argument in this instant appeal, as we have already affirmed the District Court's decision.

Even if we were to consider Taggart's argument, it is unavailing. In reviewing the docket from Taggart's first complaint, on May 5, 2009, the District Court ordered Taggart to demonstrate why his TILA action was not time-barred. See Order at 6, Taggart v. Chase Bank USA, N.A. et al, No. 09-cv-1533, (E.D. Pa. May 5, 2009). Taggart filed responses on May 28, 2009, but did not address or seek leave to include claims fifteen, sixteen, and seventeen. He argues that the violations that formed the basis for these claims were not known to him at the time he filed his complaint in March 2009. Yet in his second complaint Taggart identifies six months– from February 2009 through July 2009 – in which he argues that defendants violated the Fair Credit Reporting Act, RESPA, and the Fair Debt Collections Practices Act. Given that he knew as early as February 2009 and had until May 2009 to bring these new claims and supporting facts, he is barred from filing a second complaint with claims that could have been brought in the earlier proceeding. In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

Accordingly, we will affirm the District Court's dismissal.