**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3643
_____

GARNET GRANT,

Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cv-04409)
District Judge: Honorable Legrome D. Davis
_____

Submitted under Third Circuit LAR 34.1(a)
May 11, 2017

Before:  AMBRO, RESTREPO, and COWEN, *Circuit Judges*

(Filed: August 17, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant Garnet Grant alleges his employment was terminated based on his race and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The District Court granted appellee's motion for summary judgment based on Grant's failure to timely exhaust administrative remedies and consequently entered Judgment in favor of appellee. Grant appeals those Orders. For the reasons which follow, we affirm.

## I.[1]

Grant is a former employee of the Transportation Security Administration ("TSA") of the U.S. Department of Homeland Security ("DHS"). He began his employment with the TSA in 2002, and he was issued a letter of termination, effective July 18, 2008, based on allegations of falsification of time and attendance records.

The termination notice advised Grant that he could seek relief through an appeal to TSA's Disciplinary Review Board ("DRB"), and, with the apparent representation of counsel, Grant appealed by completing a DRB appeal form in early August 2008. The appeal form advised Grant that if he believed he had been discriminated against on the basis of, among other things, race, "you may contact an [Equal Employment Opportunity

---

[1] We write exclusively for the parties and therefore set forth only those facts that are necessary for our disposition.

2

('EEO')] counselor within 45 days of the effective date of the action being appealed."

(App. 120.) The form further advised that the DRB "will not process appeals in which allegations of discrimination are raised." (*Id.*) In a letter dated August 22, 2008 acknowledging receipt of Grant's DRB appeal, the TSA explained that should Grant choose to pursue a formal EEO complaint, the DRB would lose jurisdiction and would be compelled to dismiss his DRB appeal.

Nevertheless, Grant chose to continue to pursue his DRB appeal, and the appeal was denied on February 24, 2009. On September 14, 2009, about seven months after the denial of his DRB appeal, Grant filed an appeal with the U.S. Merit Systems Protection Board ("MSPB"). By decision dated November 27, 2009, the MSPB dismissed Grant's appeal for lack of jurisdiction. In its decision, the MSPB pointed out that Grant's amended appeal to the MSPB, filed on November 7, 2009, raised the claim of discrimination on the bases of race and color, but that the MSPB did not have jurisdiction to hear Grant's discrimination claims.

More than four months later, on April 16, 2010, Grant filed an Individual Complaint of Employment Discrimination alleging the termination of his employment was discriminatory because it was based on race and color. In that complaint, Grant acknowledged that the action complained of occurred on July 18, 2008. He alleged that he did not contact an EEO counselor until January 15, 2010. The EEO counselor's report

3

also reflects that initial contact date, and notes that the deadline for timely contact with a counselor had expired on September 1, 2008.

The DHS issued its July 14, 2010 final decision dismissing as untimely Grant's discrimination complaint. In particular, the DHS found that, although Grant was required to contact an EEO official within 45 days of the effective date of the termination, the date of Grant's initial contact with the EEO counselor was more than a year after his firing. The DHS further noted that Grant did not present any appropriate justification for untimely filing.

Grant appealed to the Equal Employment Opportunity Commission ("EEOC"), and in support thereof he argued that the timeframe for initiating EEO counseling should have been equitably tolled. On February 17, 2011, the EEOC reversed and remanded for further proceedings, finding insufficient information in the record to support a reasoned determination as to timeliness.

On January 19, 2012, following an opportunity to engage in discovery, the TSA moved to dismiss the matter for failure to timely initiate the EEO process or, in the alternative, for a determination on the merits. The Administrative Judge ("AJ") noted that, "[n]otwithstanding the compelling argument in favor of" dismissing the complaint based on untimeliness, she would address the merits of Grants claims. The AJ granted summary judgment against Grant on the ground that he had failed to establish that he was

4

discriminated against based on his race or color.  On January 2, 2013, Grant appealed to the EEOC's Office of Federal Operations, which affirmed on October 30, 2014.

Grant initiated this civil action in the District Court on August 7, 2015.  Appellee thereafter filed a motion to dismiss based on Grant's failure to timely exhaust administrative remedies.  In particular, appellee argued that Grant failed to contact an EEO counselor within the required 45 days after his termination.

By Order filed April 26, 2016, the District Court granted appellee's motion to dismiss in part.  The District Court found that plaintiff did fail to timely exhaust his administrative remedies, but with regard to the issue of equitable tolling, it converted the motion to dismiss into a summary judgment motion and deferred ruling on the summary judgment motion pending further briefing and discovery on the issue of equitable tolling.

Following discovery on the equitable tolling issue, the parties were given the opportunity to submit supplemental briefing and evidence.  By Order entered July 25, 2016, the District Court granted the motion for summary judgment.  It found:

> Rather than pursue an EEOC claim, Plaintiff opted to pursue a DRB appeal.  This appeal was prepared with counsel, and included explicit warnings about the 45-day time limit to contact an EEO counselor.  The warnings in the DRB appeal form and the DRB acknowledgement form demonstrate both that Plaintiff had constructive knowledge of the 45-day time limit and that Defendant did not "actively mislead" Plaintiff.  Rather, Plaintiff plainly sat on his rights and failed to exercise reasonable diligence.  As a result, Plaintiff's claims cannot be salvaged by equitable tolling.

(App. 17 (footnote omitted).)

**II.**[2]

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). Before bringing a Title VII suit in federal court, federal employees who believe they have been discriminated against must, under applicable regulations, among other things, initiate contact with an EEO counselor within 45 days of the effective date of the challenged personnel action or face dismissal. *See* 29 C.F.R. §§ 1614.105(a)(1), 1614.107(a)(2). This 45-day time limit operates akin to a statute of limitations. *See Robinson*, 107 F.3d at 1021.

Here, the 45-day limitations period began to run in July 2008, when Grant's employment was terminated. However, it is undisputed that Grant did not contact an EEO counselor until more than a year after the required counselor contact period had expired.

While not disputing that he missed the 45-day deadline, Grant argues that the timeframe should be equitably tolled. Since the 45-day time limit is not jurisdictional, courts may permit equitable tolling of the time limit, but equitable tolling "should be

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Capps v. Mondelez Global, LLC*, 847 F.3d144, 151 (3d Cir. 2017). We review the facts in the light most favorable to appellants and will affirm if there is no genuine issue as to any material fact and appellees are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986).

applied 'sparingly.'" *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The plaintiff bears the burden of demonstrating that she or he exercised reasonable diligence and that equitable tolling is appropriate under the circumstances. *Id.* at 591.

Equitable tolling may be invoked: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."[3] *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). The benefit of tolling is meant for those who have "exercised reasonable diligence in investigating and bringing [their] claims." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal quotation marks omitted). "Mere excusable neglect is not sufficient." *Id.* at 619 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Grant claims that he was actively misled about his right to appeal to the EEOC because the termination letter as well as George Clisby, the then-Acting Deputy Federal Security Director who personally delivered the termination letter, informed him that he had the right to appeal to the DRB. Grant acknowledges that Mr. Clisby also provided all of the necessary forms that were needed to file a DRB appeal.

---

[3] On appeal, as before the District Court, Grant argues that he was misled by appellee with respect to pursuing his discrimination claim. Thus, as the District Court pointed out, the other two circumstances for equitably tolling the relevant time period are not at issue here.

We agree with the District Court that equitable tolling is not appropriate under these circumstances. It is undisputed that the DRB appeal form which Grant completed, with the help of his lawyer, advised him of the 45-day time frame to contact an EEO counselor if he believed he had been discriminated against on the basis of race and clarified that the DRB was not the proper forum to hear appeals regarding discrimination claims. Furthermore, the letter from TSA acknowledging receipt of Grant's appeal again warned him that the DRB did not have jurisdiction to hear an appeal regarding a formal EEOC complaint. In addition, Grant testified that he believed in August 2008 that he had been discriminated against by appellee in connection with his firing, and he further conceded that, at that time, he did nothing to explore how to pursue his discrimination claim. Grant is unable to show that appellee actively misled him regarding his rights to appeal to the EEOC; nor is he able to show that he used reasonable diligence in pursuing his discrimination claims under Title VII. Under these circumstances, equitable tolling is not appropriate.[4]

---

[4] Grant argues that appellee waived the timeliness argument by not appealing the AJ's Jan. 19, 2012 decision which granted judgment in appellee's favor on the merits of Grant's discrimination claim. We find Grant's argument unpersuasive. As appellee points out, having received Judgment in appellee's favor, appellee had no reason to challenge a ruling on timeliness grounds, which at that point was moot.

**III.**

Accordingly, for the foregoing reasons, we affirm the Orders of the District Court granting appellee's motion for summary judgment and entering Judgment in favor of appellee.